**Joseph F. KISTING and Anchor Sales Co. Plaintiffs-Appellants,**

v.

**WESTCHESTER FIRE INSURANCE COMPANY, Defendant-Appellee.**

**No. 17317.**

United States Court of Appeals Seventh Circuit.

Oct. 2, 1969.

William Elden, Chicago, Ill., for appellants.

Daniel J. Leahy, Samuel Levin, Chicago, Ill., for appellee.

Before SWYGERT and CUMMINGS, Circuit Judges, and CAMPBELL, District Judge.

CAMPBELL, District Judge.*

Joseph F. Kisting and Anchor Sales and Service, Incorporated, plaintiffs-appellants were named insureds on a policy of insurance issued by the defendant-appellee, Westchester Fire Insurance Company, and insuring certain farm property located in the State of Wisconsin. On May 30, 1966 the buildings were damaged by fire.

Pursuant to the provisions of the policy the insurer served notice on plaintiff Kisting that it desired to take his examination under oath. The notice was dated August 30, 1966 and was signed by an attorney for the insurer, Daniel J. Leahy as "Representative for said Insurance Company". The examination was scheduled for September 7, 1966. Plaintiff Kisting attended the examination but refused to answer a number of relevant questions.

Defendant subsequently filed a motion for summary judgment based on the refusal to answer these questions. Upon full consideration of all of the issues presented, the District Court granted defendant's motion for summary judgment and dismissed plaintiffs' action, with prejudice.

We have reviewed the entire record and, upon full consideration of the arguments advanced and authorities cited by the parties, we find that the notice of examination was in all respects proper and that under the law of Wisconsin or Illinois, plaintiff Kisting's refusal to answer the many questions asked him at the examination was a breach of the policy provisions and a bar to recovery. There being no genuine issue of fact in dispute the award of summary judgment was proper. Ashwell & Company, Inc. v. Transamerica Insurance Company, 407 F.2d 762 (7 Cir. 1969). All questions of law were thoroughly discussed and correctly resolved in the excellent memorandum of the District Judge ruling on the motion for summary judgment. Kisting v. Westchester Fire Insurance Company, 290 F.Supp. 141 (W.D.Wis. 1968). That memorandum is hereby adopted and incorporated herein.

Accordingly, we affirm.

* Chief Judge Campbell of the Northern District of Illinois is sitting by designation.