**STANDARD MUTUAL INSURANCE COMPANY, Defendant-Appellant,**

v.

**Kenneth BOYD, Plaintiff-Appellee.**

**No. 1–583A140.**

Court of Appeals of Indiana, First District.

Aug. 30, 1983.

---

1. For this district's recent explanation of fundamental error, see *Williams v. State,* (1983) Ind.

App., 451 N.E.2d 687 at 688–689.

Peter G. Tamulonis, Kightlinger, Young, Gray & De Trude, Indianapolis, Ronald A. Hobgood, Kightlinger, Young, Gray & De Trude, Evansville, for defendant-appellant.

Dennis Brinkmeyer, Evansville, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

This is an interlocutory appeal by defendant-appellant, Standard Mutual Insurance Company (Mutual) from an order of the Vanderburgh Circuit Court denying Mutual's motion for summary judgment in an action for breach of an insurance contract brought by plaintiff-appellee, Kenneth Boyd (Boyd) who sustained a loss to his residence due to a fire.

We reverse.

## STATEMENT OF THE FACTS

On June 18, 1980, Boyd's dwelling in Evansville, Indiana, was damaged by a fire. It was insured by Mutual under a homeowners policy which included the following provisions:

The insured, as often as may be reasonably required, shall . . . submit to examinations under oath by any person named by this Company, and subscribe the same . . .

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with. . .

On June 25, 1980, Boyd had a recorded conversation with a representative of Mutual, and, on August 14, 1980, he submitted a "Sworn Statement in Proof of Loss" as required by the policy. Thereafter, Mutual requested Boyd to submit to examination under oath on September 11, 1980, as the policy provided. On that date, Boyd appeared with his attorney at the designated time and place, but refused to submit to examination despite notice of the applicable policy provisions. Mutual notified Boyd by letter on September 12, 1980, that his refusal to submit to examination under oath as requested constituted a breach of the policy conditions and would be asserted as a defense in the event Boyd pursued any claim against Mutual. For a second time Mutual requested Boyd to submit to examination under oath on September 16, 1980, a date selected by Boyd's attorney. Once again, Boyd refused to do so.

During the pre-trial phase, Boyd admitted that at no time on either September 11 or 16, 1980, did he submit to examination under oath by Mutual's counsel. The above facts were stipulated by the parties, and based upon those facts, the trial court entered findings, concluding as follows:

"The Court, having reviewed and considered the memoranda filed in support

of and in opposition to Defendant's Motion for Summary Judgment and noting that, while there is legal authority in non-Indiana jurisdictions to support Defendant's Motion for Summary Judgment, but finding no Indiana case law which has dealt with the specific legal question presented by Defendant's Motion for Summary Judgment, does now deny Defendant's Motion for Summary Judgment due to the absence of controlling Indiana precedent."

In his affidavit filed in opposition to Mutual's motion for summary judgment, Boyd alleged that he "was a target defendant" in a possible "arson investigation" by law enforcement officials and that Mutual could not "guarantee" that any statement under oath would not be used in a criminal prosecution.

After the trial court denied Mutual's summary judgment motion, an interlocutory appeal was certified and ordered as it involved a substantial question of law of first impression in Indiana.

### ISSUES

Mutual presents the following issues for review:

I. Whether the trial court erred in denying defendant's Motion for Summary Judgment based upon the undisputed facts;

II. Whether an insured is required to submit to an examination under oath when such a requirement is a condition precedent of the insured's insurance policy;

III. Whether an insured may refuse to comply with a fire insurance policy requirement requiring the insured to submit to an examination under oath after the insured has tendered to the insurance company his sworn statement in proof of loss;

IV. Whether an insured may refuse to comply with a fire insurance policy requirement requiring the insured to submit to an examination under oath after the insured has had conversation with a representative of the insurance company and has allowed his conversation to be recorded;

V. Whether the constitutional immunity from self-incrimination absolves an insured from complying with a fire insurance policy provision requiring the insured to submit to an examination under oath; and

VI. Whether an insured's refusal to submit to an examination under oath acts as a breach of the fire insurance contract such that it deprives the insured of any claim or cause of action against the insurer upon the fire insurance contract.

### DISCUSSION AND DECISION

 An order denying a motion for summary judgment is generally not an appealable interlocutory order, and is generally to be challenged by a motion to correct errors after a final judgment or order is entered. *State, Department of Natural Resources v. Taylor,* (1981) Ind.App. 419 N.E.2d 819. However, where the parties present no conflict in the operative facts and agree that there is no genuine issue of material fact necessitating resolution, and where the defendant raises defenses within its motion for summary judgment, which, if applicable, would entitle it to a judgment as a matter of law, the requisites of rule which allows appeals from interlocutory orders are met. *Id.* Such is the case here, and therefore, our review is limited to a consideration of whether the trial court erred in denying Mutual's motion for summary judgment as a matter of law.

The crucial question before us is whether an insured's refusal to submit to examination under oath constitutes a material breach of the insurance contract, thus depriving the insured of any claim or cause of action on the insurance contract against the insurer. Mutual argues that "[h]aving inexcusably failed to submit to any examination under oath, Mr. Boyd inexcusably breached material contract provisions and is, therefore, barred from recovery under

the insurance policy." Mutual contends that the insured's obligations under the policy in the event of a loss are clear and unequivocal. Included therein is the requirement that the insured "shall . . . submit to examinations under oath by any person named by the Company, and subscribe the same. . ." The policy further provides that no action shall be sustainable unless all the requirements under the policy have been complied with.

Indiana courts have not yet addressed this question; however, Mutual cites a number of cases from other jurisdictions which have reviewed the specific policy provisions in question, and those cases consistently hold that the failure of an insured to submit to examination under oath is a material breach of the policy which relieves the insurer of its contractual duty to pay. *Kisting v. Westchester Fire Insurance Company,* (7th Cir.1969) 416 F.2d 967; *Southern Guaranty Insurance Company v. Dean,* (1965), 252 Miss. 69, 172 So.2d 553; *Lentini Brothers Moving & Storage Co., Inc. v. New York Property Insurance Underwriting Association,* (1980) 76 A.D.2d 759, 428 N.Y.S.2d 684; *Hallas v. North River Ins. Co. of New York,* (1951) 279 A.D. 15, 107 N.Y.S.2d 359; *Gross v. United States Fire Insurance Company,* (1972) 71 Misc.2d 815, 337 N.Y.S.2d 221; *Restina v. Aetna Casualty & Surety Company,* (1969) 61 Misc.2d 574, 306 N.Y. S.2d 219; 13 A COUCH ON INSURANCE 2nd § 49A:361 (Rev. ed. 1982); and 5A APPLEMAN INS. L. & P. § 3549 (1970).[1]

In his appellee's brief, Boyd argues that he did submit a sworn statement of proof of loss which was sufficient notice to Mutual for it to investigate Boyd's claim. Further, Boyd contends that his refusal to submit to an oral examination under oath did not in any manner prejudice Mutual as to the claim made by Boyd. For authority, Boyd cites *Gruenberg v. Aetna Insurance Company,* (1973) 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 for the proposition that the

failure of an insured to give a sworn statement under oath and to provide documents concerning a fire loss does not defeat an insured's claim of loss.

*Gruenberg,* as Mutual points out, is inapposite to the case at bar since it involved a tort action brought against several insurers for breaching their duty of good faith and fair dealing to the insured. The insurers, the court found, had willfully and maliciously entered into a scheme to deprive the insured of the benefits of his fire insurance policies by falsely implying that the insured had a motive to deliberately set fire to and burn down his place of business. The insurers then used the fact that the insured failed to submit to examination under oath as a pretense for denying liability on the policies. The court in *Gruenberg,* held:

"We conclude, therefore, that the duty of good faith and fair dealing on the part of defendant insurance companies is an absolute one. At the same time, we do not say that the parties cannot define, by the terms of the contract, their respective obligations and duties. We say merely that no matter how those duties are stated, the non-performance by one party of its contractual duties cannot excuse a breach of the duty of good faith and fair dealing by the other party while the contract between them is in effect and not rescinded."

510 P.2d at 1040.

The insured in *Gruenberg* sued in tort for bad faith dealing on the part of the insurance companies, and, as the above-quoted holding states, contractual obligations are independent of an insurance company's duty of good faith and fair dealing to its insureds. In the case at bar, Boyd's complaint was on the policy and there were no allegations of bad faith on the part of Mutual. The ruling in *Gruenberg* does not permit Boyd to escape his contractual obligations to Mutual. In fact, in a footnote to

---

1. Other federal courts which have considered this issue have also rejected a plaintiff's right to maintain a civil action while also asserting the Fifth Amendment privilege in response to a defendant's requests for discovery. *Lyons v.*

*Johnson,* (9th Cir.1969) 415 F.2d 540, *cert. denied* (1970), 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538; and *Brown v. Ames,* (D.C.Minn., 1972), 346 F.Supp. 1176.

its opinion, the *Gruenberg* court recognized the principal of insurance contract law that an action on the policy would be barred upon an insured's failure to submit to examination under oath as required by the policy:

"The trial court stated that its ruling was made on the basis of the holding in *Hickman v. London Assurance Co.* (1921) 184 Cal. 524, 195 P. 45. There the insured suffered a fire loss and he refused to appear for an examination under oath, even though required by the policy, because of a pending criminal charge of arson. When the insurer denied liability the insured brought an action on the policy to recover his loss. This court, rejecting the insured's claim of self-incrimination privilege, held that the insured's failure to appear for an examination, in contravention of the terms of the policy, prevented recovery."

510 P.2d at 1035.

Turning to the cases cited by Mutual, we first observe that they consistently do hold that an insured's unexcused failure to appear and submit to examination under oath as required by the insurance contract constitutes an absolute defense to an action on the policy by the insured. *Kisting, supra; Dean, supra; Lentini Brothers, supra; Hallas, supra; Gross, supra;* and *Restina, supra.*

In both *Restina* and *Gross,* the insureds refused to submit to examination under oath because to do so, they argued, would jeopardize their constitutional rights in that they stood accused of arson. Both of those cases involved policy provisions similar to the instant case, requiring an insured to submit to examination under oath. In both cases, the courts held that the insured's refusal to submit to an oral examination constituted a breach of a significant condition of the policy and a bar to recovery in any suit brought by the insured against the insurer based on the policy. As to whether the constitutional immunity from self-incrimination absolves an insured from complying with a policy provision on submitting

to examination under oath, the *Restina* court said:

"There does not appear to be any New York State case law authority on this particular issue. However, in *Hickman v. London Assurance Corp.,* 184 Cal. 524, 195 P. 45, 18 A.L.R. 742, the Supreme Court of California sitting en banc faced an identical situation as presented here, and it held that the constitutional immunity from self-incrimination did not absolve an insured from complying with the provisions of the insurance contract requiring the insured to submit to an examination under oath, even though the insured is at that time under indictment for arson for the burning of the property in question. The court further held that an insured's refusal to submit to such examination on those particular grounds constituted a breach of the contract and deprives the insured of any claim or cause of action against the insurer on the insurance contract.

This court agrees with and adopts as its own the sound legal reasoning set forth in the Hickman case to the present case on this issue.

For the reasons stated above, the defendant's third affirmative defense as set forth in its answer to the plaintiff's complaint has been established sufficiently as a matter of law, and the defendant's motion for summary judgment dismissing both causes of action in the complaint is granted with costs to defendant."

306 N.Y.S.2d at 223.

The court in *Gross* adopted the *Restina* court's ruling *in toto.*

██ In the case at bar, the fire marshal investigating the fire at Boyd's dwelling suspected arson. However, as Mutual argues in its brief, and we agree, "[t]he fact that Mr. Boyd and his attorney may have been concerned about a pending arson investigation by law enforcement ... does not in any way excuse the insured's refusal to submit to an examination under oath to insurance policy requirement."

■ We hold that the refusal of Boyd to submit to an examination under oath was a material breach of the insurance policy, and such refusal relieved Mutual of its contractual duty to pay the loss. See 13A Couch, *supra*; and 5A Appleman, *supra*. The express terms of the policy made the submission of Boyd to examination under oath a condition precedent to his recovery. Further, since the constitutional immunity from being a witness against oneself does not apply in such a case, Boyd was required to comply with the examination under oath condition upon Mutual's request.[2] He refused to do so, and therefore, we hold as a matter of law that Boyd is barred from recovery on his action against Mutual.

Judgment reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.

---

2. There is absolutely no evidence in the record which would show that Mutual is using this requirement as an unfair tactic to deny Boyd recovery on his loss. Quite the contrary, the record indicates that arson is suspected and that the insurance company has ample reason to examine Boyd under oath.