Allan R. PERVIS, Jr.,
Plaintiff–Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.

No. 89–8401.

United States Court of Appeals, Eleventh Circuit.

May 18, 1990.

William A. Wehunt, Robert C. Koski, Atlanta, Ga., for plaintiff-appellant.

Michael Hilliard Schroder, Swift Currie McGhee & Hiers, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, Chief Judge, TUTTLE and RONEY [1], Senior Circuit Judges.

TUTTLE, Senior Circuit Judge:

This is an appeal by plaintiff Allan R. Pervis, Jr. (Pervis) from the district court's grant of summary judgment in favor of defendant State Farm Fire and Casualty Co. (State Farm) in plaintiff's action to recover fire insurance proceeds.

## I. STATEMENT OF THE CASE

In July 1986, Pervis instituted this diversity action against State Farm to recover under a homeowner's insurance policy issued by State Farm. Plaintiff had filed a claim for damage to his residence, which was also his place of business, caused by a fire occurring July 19, 1985. When defendant refused to honor the claim, plaintiff filed this suit seeking $370,000 plus attorney's fees and punitive damages.

Among the numerous defenses State Farm asserted in its answer, the one at issue here is that Pervis failed to submit to an examination under oath, which is required by the insurance policy and is a condition precedent to the insured's commencement of an action against the insurer. Defendant filed a motion for summary judgment based on that defense. The district court stayed the motion pending resolution of criminal proceedings brought against plaintiff in the Superior Court of Lumpkin County, Georgia before plaintiff

---

**1.** *See* Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

commenced this action. On March 7, 1986, plaintiff had been found guilty of arson; the conviction was reversed on appeal on January 8, 1987, because the trial court erroneously denied Pervis' motion to inspect and test physical evidence removed from the fire site. On May 5, 1989, the court below granted defendant's summary judgment motion.

## II. STATEMENT OF FACTS

After the fire occurred on July 19, 1985, Pervis gave an oral statement to State Farm on July 21, 1985 and again on August 7, 1985. Neither was a sworn statement. On August 28, 1985, State Farm requested a sworn statement from Pervis pursuant to the policy, which provides that in case of a loss to which the insurance may apply, the insured shall, as often as the insurer reasonably requires, "submit to examination under oath and subscribe the same." The insurance contract further provides that no action shall be brought against the insurer "unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage."

The same day or the day after State Farm made its request, a grand jury indictment was issued charging Pervis with arson. Pervis subsequently refused State Farm's request to submit to an examination under oath on the ground that his statement could be used against him at his criminal trial.[2] Appellant submits that he gave an additional recorded statement to State Farm representatives on October 11, 1985.

---

**2.** Counsel for State Farm repeated the request and informed Pervis' counsel that no decision could be made on the claim without an examination under oath. On September 11, 1985, State Farm's counsel appeared at the time and place designated to conduct an examination, but neither Pervis nor his attorney appeared.

**3.** Appellant contends in the alternative that the several recorded statements he gave to State Farm representatives satisfy his obligation to the insurer. The contract expressly requires "examinations under oath," which these were not. We therefore reject appellant's argument.

## III. ISSUE

In an action brought by an insured to recover insurance proceeds, does the grant of summary judgment in favor of the insurer, based on the insured's failure to comply with the requirement of his insurance policy that he submit to an examination under oath before filing such an action, violate the insured's constitutional rights, when the refusal to be examined is said to be an invocation of the insured's fifth amendment right against self-incrimination?

## IV. DISCUSSION

Appellant acknowledges that an insurer has the right to investigate whether a fire for which a claim is made was caused by arson, in order to reach a decision as to whether to pay the claim. Appellant concedes that under the express terms of its insurance contract, State Farm had the right to compel appellant to testify. Therefore, it is clear that plaintiff's refusal to submit to the requested examination under oath constitutes a breach of the insurance contract, unless some privilege excuses plaintiff's failure to comply with the contractual condition. *Halcome v. Cincinnati Ins. Co.*, 254 Ga. 742, 744, 334 S.E.2d 155, 157 (1985); *Hines v. State Farm Fire & Casualty Co*, 815 F.2d 648, 651 (11th Cir.1987). Appellant contends that the privilege against self-incrimination excuses him from complying with the provisions of the insurance contract.[3] He maintains that, by granting summary judgment for defendant, the district court in effect forced him to forfeit his claim for proceeds, which penalized him for exercising his fifth amendment privilege and thereby violated his due process rights.[4]

---

**4.** Appellant also contends that State Farm sought a sworn statement only after it became aware of the pending grand jury indictment, which State Farm actively assisted prosecutors in obtaining. Appellant argues that because State Farm intentionally placed him in this quandary, he should be excused from complying with State Farm's request. Appellee maintains, however, that it did not know about the indictment before it made its request, and that it was required by Georgia law to cooperate with law enforcement officials in the case of a suspicious fire loss. O.C.G.A. § 25–2–33(b). Wheth-

Appellant entered into a contract which required that he submit to an examination under oath as a condition precedent to suit. The contractual provision is commonly used in insurance policies and has been upheld by many courts. *See, e.g., Halcome, supra.* We agree with the district court's determination that the fifth amendment privilege against self-incrimination does not in this case excuse appellant from fulfilling his contractual obligation. The district court cited *Kisting v. Westchester Fire Ins. Co.,* 290 F.Supp. 141 (W.D.Wis.1968), *aff'd,* 416 F.2d 967 (7th Cir.1969), which involved facts similar to the ones presented here. In *Kisting,* the plaintiff refused to answer questions posed by the insurance company concerning income tax returns, which were material and related to defendant's affirmative defense of arson. The refusal to answer was based upon a fifth amendment privilege against self-incrimination. The court held that recovery was barred because the plaintiff sought "to utilize the privilege not only as a shield, but also as a sword." 290 F.Supp. at 149. Likewise, Pervis cannot assert the privilege and maintain his action. Pervis seeks to recover proceeds based on the insurance contract to which he is a party; he must be held to the express terms of the agreement. He is not compelled to incriminate himself. He is, however, bound by the provisions to which he stipulated when he signed the insurance agreement and cannot expect State Farm to perform its obligations under the contract, by being subject to suit for payment of proceeds, without compliance on his part.

To support Pervis' contention that invocation of the privilege has resulted in the automatic entry of summary judgment in favor of State Farm and a complete forfeiture of his rights under the insurance contract, appellant relies upon *United States v. White,* 589 F.2d 1283 (5th Cir.1979), from which he cites a single passage by the court:

> [W]e accept the proposition that a grant of summary judgment merely because of

the invocation of the fifth amendment would unduly penalize the employment of the privilege.

*Id.* at 1287. In *White,* a criminal defendant contended that he was forced to choose between preserving his fifth amendment privilege against self-incrimination and losing a civil lawsuit, in which he was a defendant. The defendant chose to forego silence at the civil trial. The court found that there was no indication that, had defendant remained silent, the case would have resulted in an adverse judgment or a verdict for the plaintiff, even though the defendant might have been denied his most effective defense. The court distinguished the case from instances in which a refusal to submit to interrogation by the State resulted in loss of employment by or opportunity to contract with the State. *Id.* (citing *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), and *Lefkowitz v. Turley,* 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973), *cited in Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)).

By contrast, Pervis *instituted* this civil suit against State Farm. He chose to seek enforcement of a contract at a time when he had no right of action under that agreement. The entry of summary judgment against Pervis does not subject him to a deprivation of constitutional magnitude. As was stated in *White:*

> The fifth amendment preserves the right to choose, and the voluntariness of the choice is always affected in some way by the exigencies of a particular situation.... [D]efendant cannot be free from conflicting concerns, and in any case, defendant must weigh the relative advantages of silence and explanation.

589 F.2d at 1287.

█ It should be noted that, after refusing State Farm's request to be examined, Pervis testified at his criminal trial and obviously did not see fit to invoke his right to remain silent. Appellant made no

---

er or not State Farm knew of and cooperated with the prosecution of Pervis, appellee was entitled under the contract to seek a sworn

statement and appellant is not excused for this reason.

offer to submit to an examination under oath at any time during the four months between the completion of his criminal trial and the filing of this lawsuit. Pervis chose between complete silence in response to State Farm's request and maintaining an action against State Farm. *Cf. Town of Newton v. Rumery,* 480 U.S. 386, 394, 107 S.Ct. 1187, 1193, 94 L.Ed.2d 405 (1987) (noting that in some cases, a criminal defendant's choice to enter into an agreement to release civil claims against the government if charges against the defendant are dropped "will reflect a highly rational judgment that the certain benefits of escaping criminal prosecution exceed the speculative benefits of prevailing in a civil action."). State Farm had no obligation to repeat its request for an examination after appellant breached the contract, and appellant's offer to be examined, as expressed on appeal, comes too late to be considered. Under the circumstances of this case, there is no principle that excuses Pervis' refusal to submit to an examination under oath such that he should be permitted to pursue his action against State Farm.

The judgment of the district court is AFFIRMED.