### SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

### Robert ZIMMERMAN, Defendant.

### Civ. A. No. 1:92–CV–1145–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 24, 1993.

Edward Gary Sullivan, Carolyn R. Bregman, Pat Huddleston, S.E.C., Atlanta, GA, for plaintiff.

John Ludlow Latham, Scott Kenan Tippett, Nelson, Mullins, Riley & Scarborough, Atlanta, GA, for defendants.

Robert Zimmerman, pro se.

## *ORDER*

FORRESTER, District Judge.

This matter is before the court on Plaintiff Securities and Exchange Commission's motion to compel or to identify specifically Defendant Robert Zimmerman's invocation of constitutional privilege and motion for a preclusion order or an order compelling Defendant's deposition. Defendant Zimmerman moves to strike a already considered pleading, reassign this case, to stay this proceeding and for leave to allow him time to respond to Plaintiff's motion for summary judgment after the court's ruling on Defendant's motion for stay.

## I.  BACKGROUND

The Securities and Exchange Commission (SEC) brought suit on May 14, 1992, against Zimmerman and a codefendant, Karen Scherm, for alleged violations of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder. The SEC seeks a permanent injunction against Zimmerman and an accounting and disgorgement of alleged ill-gotten gains. Codefendant Scherm entered into a negotiated plea agreement pursuant to which she pled guilty to one

count each of mail and wire fraud before The Honorable Marvin Shoob on June 3, 1991. She was sentenced, served her time, and is currently under supervised release. In addition, Scherm agreed to a consent judgment in this civil matter permanently enjoining her.

During the pendency of discovery in the present civil action, Zimmerman has repeatedly invoked his Fifth Amendment privilege against self-incrimination in response to the SEC's interrogatories, requests for admissions, requests for documents, and questions posed at his deposition. He has invoked the privilege citing ongoing investigations being conducted by the United States Attorney, Internal Revenue Service and the Georgia Securities Commission. To date, however, Zimmerman has not been indicted, nor has an indictment been presented to a grand jury.

## II. DISCUSSION

### A. *Motion to Reassign*

■ Zimmerman argues that this case was incorrectly assigned to the undersigned because it involves the same parties and subject matter as raised in the Scherm criminal case before Judge Shoob. While it is impossible to deny that there is overlap between this matter and the case against Scherm, that criminal proceeding is closed. Because it never went to trial, Judge Shoob likely did not find it necessary to familiarize himself fully with the merits of the case, since he accepted the plea bargain. If the case were transferred, Judge Shoob, just as this court, would have to familiarize himself fully with the issues and facts of the case. Because Judge Shoob has no pending related matter, a transfer of this case would merely further delay the case and provide no benefit in terms of the court's knowledge of the case. At this point, whether the clerk erred in the assignment at the time the case was filed is immaterial. Reassignment is not merited.

### B. *Motions to Compel or to Preclude*

■ The SEC contends in several motions filed before this court that Zimmerman may not invoke his Fifth Amendment privilege in a blanket fashion and that where he has done so, discovery must be compelled. The SEC then contends that if he has specifically invoked his privilege, he may not turn and use evidence withheld to support his civil defense.

The Fifth Amendment privilege against self-incrimination "protects a person ... against being incriminated by his own compelled testimony or communications." *Fisher v. United States*, 425 U.S. 391, 409, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976). The privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." *Kastigar v. United States*, 406 U.S. 441, 445, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972). The assertion of the privilege may not be a blanket refusal to produce or to testify. *United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir.1991); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir.1969).

Zimmerman has not invoked his privilege in a blanket manner. He has invoked it as a specific response to each question or request propounded by the plaintiff. While a defendant may not assert the privilege on matters which would not tend to incriminate him, it is likely in this case that any testimony or response sought in investigating allegations of civil allegations of fraud would provide or would lead to providing relevant incriminating information for a criminal securities fraud case. Furthermore, the act of producing documents whose contents might not be privileged would likely be sufficiently testimonial and incriminating in nature to trigger the Fifth Amendment privilege. *United States v. Doe*, 465 U.S. 605, 610–12, 104 S.Ct. 1237, 1240–42, 79 L.Ed.2d 552 (1984); *In re Grand Jury No. 86-3 (Will Roberts Corp.)*, 816 F.2d 569, 571 (11th Cir.1987). Zimmerman's specific invocations of the privilege are, therefore, protected.

■ The SEC is also concerned about the possibility that Zimmerman may use information withheld by him to support his defense in this civil matter. The SEC asks that the court preclude the use of such information or compel Zimmerman to waive his privilege so that it may conduct discovery and not be surprised at trial. In response, Zimmerman states that, depending on the

outcome of the criminal investigation, he may waive his privilege and testify. He states that should he decide to testify, he will make himself available for deposition and will respond to discovery requests to which he has previously asserted his Fifth Amendment privilege.

■ The Fifth Amendment privilege cannot be invoked to oppose discovery and then tossed aside to support a party's assertions. *McGahee v. Massey,* 667 F.2d 1357, 1362 (11th Cir.1982); *In re Edmond,* 934 F.2d 1304, 1308 (4th Cir.1991). A defendant faces the dilemma of choosing silence or presenting a defense. *United States v. Rylander,* 460 U.S. 752, 759, 103 S.Ct. 1548, 1553–54, 75 L.Ed.2d 521 (1983); *Williams v. Florida,* 399 U.S. 78, 83–84, 90 S.Ct. 1893, 1896–97, 26 L.Ed.2d 446 (1970). Furthermore, the drawing of adverse inferences against a party in a civil action when he has asserted his testimonial privilege is not prohibited. *United States v. A Single Family Residence and Real Property,* 803 F.2d 625, 629 n. 4 (11th Cir.1986). This dilemma, however, is not absolute. The Fifth Amendment is violated when a defendant, who is a defendant in both a criminal and civil case, is forced to choose between waiver of testimonial privilege and automatic entry of an adverse judgment in a civil case. *Pervis v. State Farm Fire & Casualty Co.,* 901 F.2d 944, 946–49 (11th Cir.1990); *United States v. Premises Located at Route 13,* 946 F.2d 749, 756 (11th Cir. 1991). This exception is not implicated in this matter, however, because Zimmerman is not a defendant in any criminal proceeding.

Zimmerman has waited until after the SEC has already filed a motion for summary judgment to make his decision as to whether to stay silent or not. Discovery has been completed. By waiting, the defendant has made his decision. Zimmerman may not use, therefore, any evidence which he has withheld by his invocation of his testimonial privilege in this matter. He is free, of course, to use any other outside discovered evidence.

### C. *Motion to Stay*

■ Zimmerman moves the court to stay further proceedings in this matter pending the outcome of the current criminal investigation. He contends that the SEC has been in frequent contact with the United States Attorney's Office and the Internal Revenue Service. He argues that the possible exposure of his defense in this civil matter would unfairly provide information for a possible criminal prosecution. Finally, he argues that the conduct in question in this matter occurred four years ago, and, therefore, there is little risk that any further alleged illegal conduct will occur now or in the future.

This court recognizes the dangers of parallel proceedings where the same underlying circumstances are subject to both civil and criminal proceedings. The scope of civil discovery is broad and requires nearly total mutual disclosure of each party's evidence prior to trial. *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391–92, 91 L.Ed. 451 (1947). Criminal "discovery" under the Federal Rules, in contrast, is highly restricted. *See, e.g.,* Fed.R.Crim.P. 15 and 16. The broad scope of criminal discovery presents a risk that parties may be irresistibly tempted to use that discovery to an advantage in a criminal case.

Parallel civil and criminal proceedings, however, can be brought "simultaneously or successively." *Standard Sanitary Mfg. v. United States,* 226 U.S. 20, 52, 33 S.Ct. 9, 16, 57 L.Ed. 107 (1912). The exercise of discretion to stay one proceeding is to be exercised "when the interests of justice seem[ ] to require such action." *United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970). A court may be justified in ordering a stay where the delay of the non-criminal proceeding would not seriously injure the public interest. The mere possibility of a criminal prosecution is usually insufficient to warrant a stay. *SEC v. Dresser Industries,* 628 F.2d 1368, 1376 (D.C.Cir. 1980). In this case no indictment or even grand jury proceedings have yet been brought.

Absent a criminal prosecution, however, special circumstances may exist under which a party might suffer substantial and irreparable prejudice without a stay. *SEC v. First Financial Group of Texas,* 659 F.2d 660, 668 (5th Cir.1981). Special circumstances might

900

include bad faith on the part of the government in having the SEC serve as a mere conduit for a future criminal prosecution. No supportable evidence, however, has been presented which would raise such a question. *Dresser,* 628 F.2d at 1387 (citing *United States v. LaSalle National Bank,* 437 U.S. 298, 317 n. 19, 98 S.Ct. 2357, 2368 n. 19, 57 L.Ed.2d 221 (1978)).

Furthermore, Zimmerman's contention that a delay would cause no harm is unfounded. As this court has previously stated,

Effective enforcement of the securities laws may require prompt civil and criminal enforcement, and neither proceeding can always await the completion of the parallel proceeding without jeopardizing the public interest in protection of the efficient working of securities markets and of investors from the dissemination of false and misleading information.

*SEC v. Horowitz & Ullman, P.C.,* 1982 W.L. 1576 *3 (N.D.Ga.) (citing *Dresser,* 628 F.2d at 1377). A stay of this civil proceeding is not justified.

III. CONCLUSION

In light of the foregoing discussion, this court finds as follows: Defendant Zimmerman's motion to reassign is DENIED [15–1]. Defendant's motion to stay these proceedings is DENIED [35–1]. Defendant's motion for leave to file a response to Plaintiff's motion for summary judgment after the court has ruled on the motion to stay is GRANTED [41–1]. Defendant has twenty (20) days to respond from the entry of this order. As to Defendant's motion to strike, this court cautions both parties to keep the arguments to the facts and law. The motion to strike, however, is DENIED as moot [16–1]. Plaintiff SEC's motion to compel or to identify specifically Defendant's invocation of constitutional privilege is DENIED [20–1, 20–2]. Plaintiff's motion for a preclusion order is GRANTED [32–1]. Plaintiff's motion for an order compelling Defendant's deposition is DENIED [32–2].

SO ORDERED.