**Duane BROWN, Plaintiff–Appellant,**

v.

**DANISH MUTUAL INSURANCE ASSOCIATION, Defendant–Appellee.**

No. 95–0215.

Court of Appeals of Iowa.

April 23, 1996.

Marcus Bross and Robert Kohorst of Kohorst Law Firm, Harlan, for appellant.

David J.W. Proctor and Barbara A. Hering of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Heard by HABHAB, P.J., HUITINK, J., and McCARTNEY, Senior Judge.[*]

HABHAB, Presiding Judge.

In February 1993, Duane Brown informed his insurance company, Danish Mutual Insurance Association (Danish), he had suffered

[*] Senior judge from the Second Judicial District serving on this court by order of the Iowa Supreme Court.

theft of antique articles worth $13,820 from his home. The stolen articles had been stored in the basement of his farmhouse.

The Danish representative took tape recorded statements from Brown. Upon request, the company also obtained proof of loss and inventory forms from Brown. These documents were submitted to Danish in late March 1993. Danish had also obtained information from the sheriff's office that the theft was suspicious.

Danish further notified Brown it had elected to exercise its right under the policy to carry out an examination of Brown under oath and that such examination was to take place on June 1. The pertinent parts of the policy are:

2. Your Duties After A Loss

   If a covered loss occurs, the insured person must perform the following duties:

   . . . .

   (f) submit to examinations under oath by any person named by us;

   . . . .

10. Suit Against Us

   We may not be sued unless there is full compliance with all the terms of this policy.

Brown not only refused to comply with the request, but he also notified Danish that he did not intend to do so in the future.

Danish sent Brown a second notice asking him to reconsider his position on an examination under oath in view of the possible consequences of failing to do so. Brown was informed:

   Your refusal to submit to examination under oath certainly constitutes a failure to comply with the terms of your policy of insurance, or, in other words, a breach of the terms of the contract of insurance. Should you continue in this position much longer, it will be the position of Danish Mutual Insurance Association that such refusal constitutes a material breach of the terms of the insurance contract which will result in your claim being denied, and which material breach will be asserted as a policy defense in any litigation you may commence.

Brown again declined to be examined. Upon Brown's refusal, Danish notified him his claim was rejected in June 1993.

Brown filed a petition against Danish in December 1993 claiming breach of the insurance contract for failure to pay his theft claim and first-party bad faith. Brown sought compensatory, punitive, and emotional distress damages. Danish filed a motion for summary judgment on all of Brown's claims. The district court granted Danish's motion for summary judgment.

Brown appeals.

**I. Scope of Review.** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Milne*, 424 N.W.2d at 423. The evidence must be viewed in the light most favorable to the resisting party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986).

The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423; *Gott*, 387 N.W.2d at 343.

**II. Failure to Pay the Theft Claim.** Brown contends the district court erred in granting Danish's motion for summary judgment on the claim for failure to pay the theft claim. Specifically, Brown argues the district court erred in determining Brown's refusal to submit to an examination under oath amounted to a failure to substan-

tially comply with the terms of the insurance policy.

The parties' primary argument is the application of *Watson v. National Sur. Corp.*, 468 N.W.2d 448 (Iowa 1991). Danish contends *Watson* provides general statements regarding examination under oath clauses in insurance contracts. Brown, however, argues *Watson* only applies to situations involving fire insurance.

In *Watson*, the claimants, Robert and Mable Watson, owned and operated a bowling alley which was covered by a fire insurance policy issued by Fireman's Fund (Fireman's). *Watson v. National Sur. Corp.*, 468 N.W.2d 448, 449 (Iowa 1991). A fire destroyed the bowling alley and the Watsons filed a claim with Fireman's. *Id.* Fireman's investigated the loss and conducted two tape recorded interviews with the Watsons. *Id.* at 449–50. The Watsons submitted a sworn proof of loss. *Id.* at 450. The Watsons were then charged with second-degree arson. *Id.* Fireman's made several requests to examine the Watsons under oath. *Id.* The Watsons denied these requests stating the unsworn, tape recorded interviews substantially complied with this request. *Id.* The Watsons also submitted affidavits verifying the information in the two previous tape recorded interviews as true. *Id.* Fireman's denied all of the Watsons' claims. *Id.*

Our supreme court found submission to an examination under oath is a condition precedent to an insured's recovery under an insurance policy. *Id.* at 451. Further, strict compliance is not required and the insureds have the burden of showing substantial compliance. *Id.* The court found preliminary unsworn tape recorded interviews do not constitute substantial compliance with the requirement of a sworn examination, even if the interviews are later verified in affidavits. *Id.*

Brown contends *Watson* does not apply for a number of reasons. First, in *Watson* the insureds, who were trying to recover on a fire insurance claim, had been charged with second-degree arson in connection with the fire which was the subject of the claim. Here, Brown has not been charged with anything. Second, Brown asserts examination under oath clauses are intended to be used only in connection with fire insurance claims. Brown cites Iowa Code section 515.138 (1993) to support this claim.[1] Last, Brown contends the clause at issue in *Watson* is more limited than the clause in the contract between Brown and Danish.

The facts in *Watson* regarding the investigation of an insurance claim are similar to the facts in this case. We find it to be of no consequence that *Watson* involved a fire insurance claim and the case before us involves a theft claim. In addition, simply because section 515.138 requires insurers to issue fire insurance contracts with an examination under oath clause does not mean insurers are precluded from including similar clauses in policies covering theft. We also note the court in *Watson* did not limit its holding to examination under oath clauses in fire insurance policies, nor is there any suggestion in *Watson* such clauses are only valid in fire insurance policies. The fact that Brown has not been charged with theft, while Watson was charged with arson, is merely a factual distinction of very little impact. There is nothing in either the fire insurance policy in *Watson* or .in the policy before us which suggests a criminal charge is required before the insurer can request an examination under oath.

■ We conclude the basic holding in *Watson* can be applied to the facts in this case. Brown was given more than one opportunity to comply with the examination under oath clause of the policy, yet Brown

---

**1.** Iowa Code section 515.138 (1993) deals with standard policy provisions and permissible variations of fire insurance contracts. It states, in pertinent part:

> The insured, as often as may be reasonably required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examinations under oath by any person named by this company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made.

Iowa Code § 515.138 (1993).

refused to cooperate. The tape recorded interview and the documents previously submitted to Danish do not constitute substantial compliance with the examination under oath clause in the insurance policy. Thus, when we couple the notice to Brown to appear for examination under oath with his unequivocal position that he had no intention of doing so, we conclude there are no genuine issues of material fact and, accordingly, affirm the ruling of the district court on this issue.

### ■ III. First-Party Bad Faith.

Brown contends the district court erred in granting Danish's motion for summary judgment on the claim of first-party bad faith. To recover on a first-party bad faith claim, the insured must show: (1) there was no reasonable basis for the insurer to deny the claim; and (2) the insurer knew or should have known no reasonable basis existed. *Stahl v. Preston Mut. Ins. Ass'n*, 517 N.W.2d 201, 203 (Iowa 1994); *Reuter v. State Farm Mut. Auto. Ins. Co.*, 469 N.W.2d 250, 253 (Iowa 1991). The insured must show both elements. *Reuter*, 469 N.W.2d at 253. The first element is the objective element, while the second is subjective. *Id.*

■ The denial of Brown's claim resulted from the failure of Brown to comply with the examination under oath clause of the insurance policy. There is no dispute Brown did not submit to such an examination after being requested to do so. Further, as was discussed above, Brown's previous actions do not amount to substantial compliance with the clause. As a result, Brown was not entitled to his claim under the policy. Accordingly, the district court did not err in granting Danish's summary judgment motion regarding Brown's first-party bad faith claim. We affirm the district court on this issue.

**AFFIRMED.**