# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3100

_____

Anthony Polich,                               *
                                              *
                    Appellant,                *
                                              *   Appeal from the United States
          v.                                  *   District Court for the
                                              *   Southern District of Iowa.
Prudential Financial, Inc.,                   *
                                              *   [PUBLISHED]
                    Appellee.                 *

_____

Submitted: March 15, 2011
Filed: July 27, 2011

_____

Before LOKEN and COLLOTON, Circuit Judges, and NELSON,[1] District Judge.

_____

PER CURIAM.

Anthony Polich sued Prudential Financial, Inc., for breach of contract. Polich contends that Prudential, which issued a group long-term disability insurance policy to his employer, breached the policy by denying his claim for disability benefits. The district court[2] granted Prudential's motion for summary judgment, and we affirm.

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Polich worked as a veteran career consultant for the State of Iowa from 1997 until 2006, when he resigned because of an alleged disability. He was covered by a long-term disability insurance policy issued to the State by a wholly-owned subsidiary of Prudential. On July 20, 2006, the State submitted on Polich's behalf an application for benefits under the policy. Polich asserted in the application that he was unable to work because he suffered from Ménière's disease – a disease of the inner ear – and post-traumatic stress disorder (PTSD). The application included an attending physician's statement, prepared by a clinical psychologist, which identified Polich's "Impairment/Limitation" as "Cognitive Disorder NOS," i.e., not otherwise specified. The statement listed as a "Corresponding Medical Restriction[]" that Polich was "unable to work due to dizzy spells," and included "PTSD with depression [and] anxiety"as a non-medical factor significantly impacting Polich's functional abilities.

On October 4, 2006, Prudential denied Polich's claim on the ground that he was not disabled. On December 29, 2006, Prudential's Appeal Review Unit upheld the denial on Polich's first administrative appeal, but advised Polich that he "may again appeal" to the Appeal Review Unit for "a final decision." Polich, through counsel, notified Prudential on January 22, 2007, of his intent to appeal again, and Prudential explained in February that Polich's complete appeal must be submitted by July 12, 2007. Polich supplemented his appeal with additional materials on April 12 and June 27. On July 11, Prudential acknowledged receipt of the appeal, explained that it was "performing a thorough evaluation," and stated that it "anticipate[d]" making a determination by August 14, 2007.

On or about July 11, Prudential arranged for an independent medical examination (IME) of Polich by a neuropsychologist to facilitate review of its decision that Polich was not disabled because of depression, anxiety, PTSD, or cognitive disorder NOS. Polich was notified on July 23 that an examination was scheduled for August 13. Polich refused to attend the IME. Prudential then arranged for a neuropsychologist to conduct a review of Polich's claim file, and asked Polich on July

30 to release the "raw data" from the examination that was the basis for the attending physician statement in Polich's application. Polich again declined to comply with Prudential's request. So Prudential arranged for a neuropsychologist to review the information already in Polich's file. The neuropsychologist concluded that the information did not show that Polich had a psychological or cognitive impairment, and Prudential also concluded that Polich failed to prove that he was unable to work because of Ménière's disease. On August 17, Prudential denied Polich's appeal on the ground that he was not disabled.

Following the denial of his second appeal, Polich sued Prudential in state court for breach of the policy. Prudential removed the case to federal court and filed a motion for summary judgment. Prudential argued that when Polich refused to attend the IME and to release the raw data, he failed to comply with two policy provisions that were conditions precedent to coverage. One provision states that Prudential can require an insured "to be examined by doctors" of its choice "as often as it is reasonable to do so," and that "[r]efusal to be examined . . . may result in denial or termination of" the insured's claim. The other provides that "[i]n some cases," the insured "will be required to give Prudential authorization to obtain additional medical information," and that "Prudential will deny [the insured's] claim . . . if the appropriate information is not submitted." According to Prudential, Polich's claims failed as a matter of law due to his noncompliance. The district court agreed and granted the motion for summary judgment. We review that decision *de novo*. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

To recover for breach of an insurance contract under Iowa law, which governs in this diversity action, Polich must prove that he substantially complied with all conditions precedent to coverage, that Prudential waived compliance, that a failure to comply was excused, or that a failure to comply did not prejudice Prudential. *Simpson v. U.S. Fid. & Guar. Co.*, 562 N.W.2d 627, 631 (Iowa 1997). Polich does not challenge the district court's conclusion that the policy provisions at issue established

conditions precedent to coverage, *cf. Met-Coil Sys. Corp. v. Columbia Cas. Co.*, 524 N.W.2d 650, 655 n.5 (Iowa 1994); *Watson v. Nat'l Sur. Corp.*, 468 N.W.2d 448, 450 (Iowa 1991), so we take that as a given. Rather, Polich notes that the IME provision requires only that he comply with *reasonable* requests for an IME, and he argues that Iowa law applies an identical reasonableness requirement to requests under the provision calling for the release of medical records upon request. Polich then contends that whether Prudential's requests were reasonable is a question of fact for the jury.[3]

According to Polich, a reasonable jury could conclude that the requests were unreasonable, because Prudential's claim file already contained "voluminous medical reports and opinions" on which Prudential twice had relied to deny his claim. Polich notes that Prudential did not request an IME or the raw data before denying his first appeal, even though the claim file then included the same evidence about his psychological and cognitive condition. He also observes that a medical professional recommended, before the denial of Polich's initial claim, that Prudential request the raw data, but the data were not requested until the second appeal. Reasonableness often is a jury question, but where only one reasonable conclusion can be drawn from undisputed historical facts, the question can be resolved by the court. *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 920 (9th Cir. 2009); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); *see also Met-Coil Sys. Corp.*, 524 N.W.2d at 656.

We conclude that Prudential's requests for an IME and raw data in connection with Polich's second appeal were reasonable as a matter of law. The claim file contained conflicting evidence regarding whether Polich had a psychological or

_____

[3]Polich also argues on appeal that Prudential waived compliance with the policy provisions and that Prudential was not prejudiced by his failure to comply, but he did not raise these arguments before the district court, and we therefore decline to consider them. *See Campbell v. Davol, Inc.*, 620 F.3d 887, 891 (8th Cir. 2010).

cognitive impairment, but Prudential's first two decisions found that Polich had not established disability. Polich was not required to pursue a second administrative appeal with Prudential, but when he continued to dispute the insurer's conclusion and asked again for reconsideration, it surely was reasonable for Prudential to gather additional relevant information as part of its reexamination of the earlier decisions. Prudential requested the IME less than one month after Polich submitted his complete second appeal, and it requested the raw data seven days after Polich declined to attend the IME. After Polich refused to comply, Prudential proceeded with an expert's review of the existing file and issued a final decision on August 17.

Polich makes much of the fact that Prudential notified him on July 11 that it "anticipate[d]" making a determination by August 14, but then scheduled the IME for August 13. The policy, however, placed no time limit on administrative appeals, and Prudential's estimated date of decision was gratuitous. The relevant question is whether it was reasonable for Prudential on July 23 to request an IME in response to an appeal submitted by Polich on June 27. We agree with the district court that this request, and the prompt subsequent request for raw data in lieu of an examination, were reasonable as a matter of law.

The judgment of the district court is affirmed.

_____