**Marjorie PRINCE, Plaintiff,**

v.

**FARMERS INSURANCE COMPANY, INC., Defendant.**

**No. CIV–91–1399–B.**

United States District Court, W.D. Oklahoma.

March 5, 1992.

---

Robert G. Grove, John Spires, Robert G. Grove and Associates, Oklahoma City, Okl., for plaintiff.

Kenneth W. Elliott, Eileen Morris, Oklahoma City, Okl., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

BOHANON, District Judge.

Before the court is Defendant, Farmers Insurance Company, Inc.'s ("Farmers"), motion for summary judgment filed on January 13, 1992. Plaintiff, Marjorie Prince, filed her response on January 31, 1992, to which Farmers filed its reply on February 14, 1992. A hearing on the motion was held on February 18, 1992, at which time counsel for the parties argued their respective positions. After carefully reviewing the motion and supporting brief, Plaintiff's response, Farmers' reply, and hearing the argument of counsel, the court finds that Farmers' motion for summary judgment should be granted.

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a summary judgment motion, the court is required to pierce the pleadings and evaluate the actual proof to determine whether summary judgment is appropriate. *Id.* at Advisory Committee Notes. In determining whether a genuine issue of material fact exists, all facts and inferences should be viewed in the light most favorable to the nonmoving party. *Burnette v. Dow Chemical Co.,* 849 F.2d 1269 (10th Cir.1988). However, on a defendant's motion for summary judgment:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The Supreme Court defined the evidentiary burdens in summary judgment cases in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the defendant meets the *Celotex* requirement, the burden shifts to the plaintiff to show that there is a *"genuine* issue of *material* fact." *Id.* at 248, 106 S.Ct. at 2510 (emphasis in original). A dispute is "genuine" "if a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court held that after plaintiff responds to the motion, the trial court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512. "The mere existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff]." *Id.* at 252, 106 S.Ct. at 2512.

In the present case, Plaintiff sues to recover proceeds of a fire insurance policy issue by Farmers for a fire which damaged Plaintiff's residence and personal property on April 1, 1991. In its motion for summary judgment, Farmers argues that the undisputed facts establish that Plaintiff refused to appear for their examinations under oath which is a condition of a homeowner's policy issued by Farmers and under which Plaintiff makes her claim. Plaintiff's willful refusal, it is urged, is a material breach of the terms and conditions of the policy and constitutes a bar to recovery. Plaintiff submits that disputed factual issues are present with respect to whether Plaintiff's refusal to submit to the examination under oath was repeated and willful; whether Farmers intimidated Plaintiff

thereby causing the forfeiture it asserts as a bar to this action; and, whether Farmers has been prejudiced by the Plaintiff's failure to submit to the examination under oath. The court agrees with Farmers' analysis of the case and its conclusion.

The undisputed facts are as follows:

1. Farmers issued a homeowners' insurance policy to Plaintiff which provided coverage for Plaintiff's residence and personal property located a 111 E. Atlanta in Jones, Oklahoma. The policy was in force and effect on April 1, 1991.

2. On April 1, 1991, Plaintiff's residence and personal property were damaged by fire.

3. Farmers conducted an investigation of the fire from which it discovered that the fire was incendiary in origin, that Plaintiff and her husband were experiencing financial difficulties at the time of the fire, and that items of personal property were removed from the residence prior to the fire.

4. The contract of insurance grants to Farmers the right to take an examination under oath of the insured under the section entitled "Conditions" which states:

(2) Your Duties After Loss. If a covered loss occurs you will perform the following duties:

d. as often as we reasonably require:

(3) submit to examination under oath upon our request.

Farmers' Brief at Ex. 1, p. 4.

5. The insurance contract further provides:

(6) Suit Against Us. We may not be sued unless there has been full compliance with the terms of this policy.

Farmers' Brief at Ex. 1, p. 7.

6. Pursuant to the terms and conditions of the policy, Farmers requested Plaintiff and her husband to appear and give their examinations under oath concerning the fire loss.

7. On May 1, 1991, Farmers, by and through its counsel, Kenneth W. Elliott, requested Plaintiff and her husband to appear for their examinations under oath on May 22, 1991.

8. On May 22, 1991, Plaintiff and her husband appeared at the time and place scheduled for their examinations under oath, but refused to testify. Farmers' counsel advised them that the examination under oath was a condition precedent to recovery under the policy and would not be waived by Farmers. Farmers' counsel granted Plaintiff and her husband additional time to consult with counsel after which the examinations under oath would be rescheduled.

9. After receiving no response from Plaintiff, on May 29, 1991, Farmers rescheduled the examinations under oath for June 12, 1991. Farmers' counsel again advised Plaintiff that the examination under oath was a condition precedent to recovery under the policy.

10. On June 10, 1991, Plaintiff's lawyer telephoned Farmers' counsel to request a postponement of the June 12, 1991, examinations under oath. Farmers granted the postponement and requested that Plaintiff's counsel contact him regarding the rescheduling of the examinations under oath. Farmers' counsel also requested that the time to respond to the Proof of Loss be extended due to the delay in scheduling the examinations under oath.

11. By letter dated June 25, 1991, Farmers' counsel again requested Plaintiff's counsel to contact him regarding the rescheduling of the examinations under oath. In response, Plaintiff's counsel advised that he needed additional time and agreed to extend Farmers' time within which to respond to the Proof of Loss.

12. On July 9, 1991, Farmers' counsel informed Plaintiff's counsel by letter that the examination under oath is a condition precedent to recovery under the policy.

13. On July 11, 1991, Plaintiff's counsel requested Farmers' counsel to identify the policy provision requiring the ex-

amination under oath. Farmers' counsel provided Plaintiff's counsel with the policy provision and requested once again that the examinations under oath of Plaintiff and her husband be rescheduled.

14. On July 24, Plaintiff's counsel advised:

I decline to present Mr. and Mrs. Prince for a sworn deposition in compliance with your request for the following reasons:

1. There has been a sworn proof of loss prepared and filed.

2. There have been two statements taken from each of Mr. and Mrs. Prince. Although those statements were not taken under oath there was no reason why they could not have been and I feel at this point that asking for yet another deposition of Mr. and Mrs. Prince goes beyond the bonds [sic] of what is "reasonable." Within the ambit of the policy provision and the Oklahoma Statute [sic].

Farmers' Brief Ex. 14.

15. Plaintiff filed suit to recover the proceeds of the policy on August 5, 1991.

## DISCUSSION

■ As with the interpretation of any contract, the court begins with the expressed language. Under Oklahoma law, the language of the contract governs if it is clear and explicit and does not involve an absurdity. *Premier Resources, Ltd. v. Northern Natural Gas Co.*, 616 F.2d 1171, 1180 (10th Cir.), *cert. denied*, 449 U.S. 827, 101 S.Ct. 92, 66 L.Ed.2d 31 (1980).

■ The insurance contract provides in pertinent part under the heading "Conditions":

2. Your Duties After Loss. If a covered loss occurs, you will perform the following duties:

d. as often as we reasonably require:

(3) submit to an examination under oath upon our request.

Farmers' Brief at Ex. 1, p. 4. This provision is clear and unambiguous. Also clear and unambiguous is the provision that the insured must fully comply with the terms of the policy before suit may be maintained against the insurer.

In order to recover on an insurance policy the insured must meet the conditions of the policy. *C.I.T. Financial Services, Inc. v. McDermitt*, 544 P.2d 913, 915 (Okla.Ct.App.1975). Here, there is no dispute that Plaintiff refused to submit to an examination under oath which was a condition precedent to recovery under the policy.

■ Plaintiff argues in response that her refusal should be excused even in light of the policy provisions because Farmers' request was unreasonable, Farmers' allegedly used intimidation tactics, and no prejudice resulted from her refusal. The court must therefore consider the effect, if any, of Plaintiff's allegations on her obligations under the insurance contract. After carefully examining Plaintiff's arguments, the court is convinced that none can excuse her failure to submit to the examination under oath as required by the contract.

Plaintiff contends that Farmers' request was unreasonable because she had already given two statements, and although they were not under oath, there was no reason why they could not have been. Any further requests, she urges, should be found to be unreasonable. However, the purpose to the examination under oath provision is "to enable the [insurance] company to possess itself of all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims." *Claflin v. Commonwealth Ins. Co.*, 110 U.S. 81, 95, 3 S.Ct. 507, 515, 28 L.Ed. 76 (1884). In light of the undisputed evidence of alleged arson, Plaintiff and her husband's financial difficulties at the time, and the apparent removal of items of personal property prior to the fire, the court cannot find that Farmers' examination under oath request was unreasonable. *See, Standard Mutual Ins. Co. v. Boyd*, 452 N.E.2d 1074 (Ind.Ct.App. 1983). Therefore, Plaintiff's refusal is not excused on the basis of reasonality.

■ Plaintiff next contends that Farmers' counsel intimidated her into refusing to submit to the sworn statement. At the first scheduled examination under oath, Plaintiff and her husband elected to consult with an attorney before they answered the questions propounded by Farmers' counsel. The transcript of the deposition indicates that Farmers' counsel accommodated their request. The court has reviewed the transcript of this proceeding, Farmers' Brief Ex. 5, and fails to find any evidence of intimidation on the part of Farmers' counsel. Instead, the court believes that Farmers' counsel may have been too accommodating in informing Plaintiff of her right to have counsel present at the examination under oath. Nevertheless, subsequent to the May 22, 1991, meeting, Plaintiff retained counsel, and it was he who by letter dated July 24, 1991, declined to present his client for examination under oath. Farmers' Brief Ex. 15. Therefore, any intimidation Plaintiff may have felt on May 22, 1991, did not affect her July 24, 1991, decision to refuse to submit to a sworn statement. Furthermore, even assuming that Plaintiff felt intimidated by Farmers' counsel's statement of her rights, her subjective feeling does not relieve her of her duty to submit to an examination under oath pursuant to the insurance contract. *See, Connecticut Fire Ins. Co. v. George,* 52 Okla. 432, 153 P. 116 (1915).

■ Plaintiff's final argument raises the issue of whether Farmers was prejudiced by her refusal to submit to a sworn statement. She argues that: "The only item lacking [in the investigation], according to the defendant, is a sworn statement. The investigation itself has not been impeded." Plaintiff's Objection at p. 8. As a result, Plaintiff requests that this court "invoke its equitable power to bar the forfeiture." *Id.* However, the issue of prejudice is immaterial where the insured's refusal to submit to an examination under oath is willful. *Rosenthal v. Prudential Property & Cas. Co.* 928 F.2d 493 (2nd Cir.1991).

In the present case, Plaintiff attempts to create a factual dispute with respect to the willfulness of her refusal by attaching affidavits from both her and her husband. Plaintiff and her husband state, by way of affidavit, that they are now and always have been willing to give a sworn statement, thereby showing that her refusal was not willful. However, the court is very disturbed by these two affidavits. The documentary evidence in this case, including Plaintiff's counsel's own correspondence which directly contradict statements made in the affidavits, demonstrates that the affidavits are incredible and totally without merit. Plaintiff has failed to proffer even a scintilla of credible evidence raising a factual issue concerning the willfulness of her refusal. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252, 106 S.Ct. at 2512.

In fact, the evidence clearly demonstrates that Plaintiff's refusal was willful and deliberate. Plaintiff, through her counsel, advised on July 24, 1991, that she absolutely refused to give a sworn statement even though she was aware that the result was a forfeiture under the policy. Therefore, Farmers' lack of prejudice is no excuse for Plaintiff's willful failure to comply with the terms of the policy.

"[A]n insured's unexcused failure to appear and submit to examination under oath as required by the insurance contract constitutes an absolute defense to an action on the policy by the insured." *Standard Mutual Ins. Co. v. Boyd,* 452 N.E.2d 1074, 1078 (Ind.Ct.App.1983); *See Gipps Brewing Corp. v. Central Mfrs. Mut. Ins. Co.,* 147 F.2d 6 (7th Cir.1945). Consequently, as a result of Plaintiff's failure to submit to an examination under oath, she has forfeited her rights under the policy as a matter of law. The rendition of summary judgment in this case is therefore appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant, Farmers Insurance Company's, motion for summary judgment is GRANTED. This action is accordingly DISMISSED.