**James WEST, Plaintiff–Appellant,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.**

No. 87–2986.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 1988 *.

Memorandum Dec. 20, 1988.

Decided Feb. 22, 1989.

Robin W. Allen, Allen Law Corporation, Sacramento, Cal., for plaintiff-appellant.

William O. Morris and Gregory R. Madsen, McDonald, Saeltzer, Morris, Creeggan, and Waddock, Sacramento, Cal., for defendant-appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.

P. 34(a); Ninth Cir.R. 34–4.

Before CHOY, CANBY and NORRIS, Circuit Judges.

PER CURIAM:

## NATURE OF THE CASE

James West ("West") appeals from the district court's grant of summary judgment to his insurer, State Farm Fire and Casualty Co. ("State Farm"). West sued State Farm in state court for breach of contract, violation of Cal.Ins.Code § 790.03, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. All of these claims arose from State Farm's refusal to pay West's residential theft loss claim because West failed to submit to an examination under oath as required by the insurance policy.

State Farm removed the case to federal court under 28 U.S.C. § 1441, basing jurisdiction on diversity of citizenship. 28 U.S.C. § 1332(a). The district court granted summary judgment after determining that West's insurance policy contained, as a condition precedent to the duty of State Farm to pay any claim and to West's ability to bring this lawsuit, a requirement that West, his spouse, and members of his household submit to examinations under oath upon reasonable request by defendant.

On appeal, West argues that whether or not State Farm's request was reasonable is a triable issue of fact and that, therefore, the district court's decision granting summary judgment was error. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## FACTUAL BACKGROUND

On January 2, 1986, an unknown person allegedly burglarized West's home and took items worth approximately $10,000. West filed a police report, and submitted a claim to State Farm. The claim was referred to State Farm claim representative Larry Stone ("Stone") for handling.

On March 12, 1986, Stone conducted a preliminary interview of West. During this interview, West stated that he would submit documentation to substantiate the loss. He did not do so. Therefore, State Farm requested that West submit to an examination under oath, as provided for in the policy.

On August 14, 1986, an attorney for State Farm interviewed West in the presence of a court reporter. West was accompanied by his attorney. During the interview on August 14, West refused to answer any question that he had been asked during the interview on March 12 because he claimed the March 12 interview had been a statement under oath. West based his claim that the March 12 interview was a statement under oath on a question that Stone asked West at the end of the interview, namely, whether West had answered Stone's questions truthfully.

After the interview with West, State Farm sought to interview Mrs. West who also was a named insured under the policy. In addition, State Farm attempted to interview West's two teenaged daughters. The three women failed to appear for the scheduled interviews.

Subsequently, on October 20, 1986, State Farm sent West a letter stating that State Farm would not pay the claim until West complied with the terms of the policy. The letter further stated that satisfaction of these terms was a prerequisite to any lawsuit against State Farm. State Farm indicated that it would be willing to review the claim if further information was provided.

West did not provide any further information. Instead, on December 15, 1986, he filed suit against State Farm in Sacramento County Superior Court alleging breach of contract, violation of Cal.Ins.Code § 790.03, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress. On February 11, 1987, State Farm filed a petition for removal based on diversity of citizenship. 28 U.S.C. § 1441. On June 5, 1987, State Farm moved to have portions of the complaint dismissed for failure to state a claim. The district court dismissed the breach of fiduciary duty

claim and the negligent infliction of emotional distress claim.

On August 4, 1987, State Farm moved for summary judgment on the remaining claims. On September 25, the motion for summary judgment was heard. The district court found that (1) the insurance policy contained the requirement that West, Mrs. West, and members of their household submit to examinations under oath upon reasonable request by State Farm; (2) Mrs. West and the daughters refused to submit to such examinations after reasonable requests; (3) West refused to answer questions at the only examination of West which was conducted under oath; (4) even if the March 14 interview was under oath, State Farm's request for another interview was reasonable; (5) the requirement that West and his family submit to statements under oath was a condition precedent to State Farm's duty to pay and, therefore, State Farm breached no duty to West by its refusal to pay his claim.

On the basis of these findings, the district court granted summary judgment, stating that no material issue of triable fact existed. West appealed, contending that reasonableness is always a question of fact, and therefore, the question of whether State Farm's requests were reasonable could not be decided on a motion for summary judgment.

## STANDARD OF REVIEW

■ California's substantive insurance law governs in this diversity case. *James B. Lansing Sound Inc. v. National Union Fire Ins. Co.*, 801 F.2d 1560, 1561 (9th Cir.1986). However, the proper standard of review is a question of federal procedure and is governed by federal law. *Miller v. United States*, 587 F.2d 991, 994 (9th Cir. 1978). This court reviews a grant of summary judgment de novo. *Bonner v. Lewis*, 857 F.2d 559, 561 (9th Cir.1988). The district court's interpretation of state law is also reviewed de novo. *State Farm Fire and Casualty Co. v. Estate of Jenner*, 856 F.2d 1359, 1362 (9th Cir.1988).

Summary judgment is only appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact. *Lundy v. Union Carbide Corp.*, 695 F.2d 394, 396 (9th Cir.1982), *cert. denied* 474 U.S. 848, 106 S.Ct. 143, 88 L.Ed.2d 118 (1985). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## ANALYSIS

■ West's only contention on appeal is that reasonableness is always a question of fact which precludes summary judgment. This argument is meritless. West cites no cases to support his position and both California and federal courts have held that in certain circumstances reasonableness may be decided as a matter of law. *Terry v. Atlantic Richfield Co.*, 72 Cal.App.3d 962, 140 Cal.Rptr. 510, 512 (1977); *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir.1984).

In *Terry*, the court decided that it was proper to determine the reasonableness of the defendant's gasoline allocation system as a matter of law since the facts regarding the allocation system were undisputed. The court found that while reasonableness is generally a question of fact for the jury, it becomes a question of law and loses its triable character if the undisputed facts leave no room for a reasonable difference of opinion. *Terry*, 140 Cal.Rptr. at 512.

Similarly, in *Goodall's Charter Bus Serv. v. San Diego*, 125 Cal.App.3d 194, 178 Cal.Rptr. 21 (1981), the trial court made a determination of reasonableness in ruling on a motion for summary judgment in an action alleging unlawful interception of radio communications. The appellate court affirmed, holding that summary judgment was proper because the defendant's affidavits established that there was no reasonable expectation of privacy since the communication was on an open radio line. The court found that the reasonableness of a person's expectation of privacy could be

decided as a matter of law when the facts giving rise to his expectation were uncontroverted. *Id.* 178 Cal.Rptr. at 23. *See also McKenzie v. Lamb,* 738 F.2d 1005, 1008 (9th Cir.1984) (In a § 1983 action, the determination of what constitutes reasonable police behavior is generally a question of fact for the jury; however, summary judgment is proper if no reasonable jury could differ.); *Kramas v. Security Gas & Oil Co.,* 672 F.2d 766, 770 (9th Cir.1982) (When the running of a statute of limitation period depends upon a showing of reasonable diligence, there are generally issues of fact; however, if uncontroverted evidence shows that the plaintiff was not reasonably diligent, summary judgment is proper.); *Getty Refining and Marketing Co. v. Zwiebel,* 604 F.Supp. 774, 778 (D.Conn.1985) (In determining whether a contract provision is satisfied, reasonableness is generally a question of fact for the jury; however, the question need not be submitted to the trier of fact if there is only one conclusion reasonably possible.).

■ Thus, the cases show that reasonableness becomes a question of law appropriate for determination on motion for summary judgment when only one conclusion about the conduct's reasonableness is possible. In the instant case, the district court determined that State Farm's actions were reasonable as a matter of law. That determination is amply supported by the record.

West made a claim to State Farm for over $10,000. It is undisputed that West submitted no cancelled checks, receipts, or other documentation proving the existence or value of the items he alleged were stolen. The only substantiation State Farm was given to verify West's claim was West's statement to Stone of what disappeared and how much the missing items were worth. This statement did not consti- tute a statement under oath under California law. Cal.Code Civ.Proc. §§ 2093–2097. Since West indicated to Stone that he would try to provide documentation but failed to do so, and because State Farm felt that some of the information given to Stone was inconsistent, an examination under oath was scheduled.

For West to claim that the scheduled examination under oath was unreasonable is tantamount to a claim that insurance companies are always required to pay claims at their face value on the basis of a preliminary interview. Besides being patently illogical, this argument is controverted by the insurance policy [1] and by California law. *Hickman v. London Assurance Corp.,* 184 Cal. 524, 195 P. 45 (1920). In *Hickman,* the California Supreme Court expressly approved the reasonableness of an examination under oath as a means of "cross-examining" other statements of the insured. *Id.* at 529, 195 P. 45.

Thus, in view of the fact that West had not yet submitted to any statement under oath, and had not submitted any documentation, State Farm's request that West submit to a sworn examination was entirely reasonable. Given the lack of information provided by West at this examination, it was also reasonable for State Farm to request statements from Mrs. West and from their daughters. State Farm had the right under the policy to seek substantiation of West's claim. Since no information was forthcoming from him, under the terms of the policy State Farm legitimately could request substantiation from other members of his household.

### CONCLUSION

The district court was correct in determining that State Farm's requests were reasonable as a matter of law. No reason-

---

1. Pertinent provisions of West's policy are as follows:
   "Conditions:
   2. Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed: ...
   d. as often as we reasonably require: ...
   (2) provide us with records and documents we request and permit us to make copies;

(3) submit to examinations under oath and subscribe the same;
(4) produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so; ..."

able jury could find that State Farm's requests for statements under oath were unreasonable. Thus, summary judgment was properly granted.

AFFIRMED.