982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marjorie PRINCE, Plaintiff-Appellant,
v.
FARMERS INSURANCE COMPANY, INC., Defendant-Appellee.
 No. 92-6126.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1992.
 
 1
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, Senior District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Marjorie Prince appeals from the district court's grant of summary judgment in favor of defendant Farmers Insurance Company, Inc. in this action seeking fire insurance proceeds. We reverse for additional proceedings consistent with this opinion.
 
 
 6
 We review the district court's grant of summary judgment de novo applying the same standard to be applied by the district court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment should be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 Farmers moved for summary judgment on its affirmative defense that Mrs. Prince forfeited the proceeds of her insurance policy by refusing to submit to an examination under oath as required by the policy. A defendant may use a motion for summary judgment to assert an affirmative defense that entitles it to judgment as a matter of law. 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2734 (2d ed. 1983). Unlike a motion for summary judgment used to test the sufficiency of plaintiff's case, however, the defendant ultimately bears the burden of persuasion on its affirmative defense at trial. On its motion for summary judgment, therefore, Farmers must initially and ultimately demonstrate that there is no material fact in issue as to the affirmative defense asserted and that it is sufficient as a matter of law to bar Mrs. Prince's claim. See id. If Farmers meets its initial burden to demonstrate the absence of a material factual dispute related to its affirmative defense, the burden shifts to Mrs. Prince to come forward with specific facts demonstrating the presence of a material factual dispute. Mrs. Prince argues that the reasonableness of Farmers' examination under oath requirement is just such a material issue.
 
 
 8
 In this diversity action, we apply Oklahoma substantive law. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). Whether an insurer's request for an examination under oath is reasonable under the circumstances has not previously been considered in Oklahoma. Our review of the district court's determination of state law is de novo. Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991).
 
 
 9
 We need not decide whether Farmers carried its initial burden because, whether it did or not, Mrs. Prince came forward with specific facts demonstrating the presence of a material issue as to whether Farmers' request for an examination under oath was reasonable under the circumstances.
 
 
 10
 The policy provides that the policyholder must submit to an examination under oath "as often as we reasonably require." Homeowners Policy, "Your Duties After Loss," Appellant's App. at 30. Farmers cited West v. State Farm Fire & Casualty Co., 868 F.2d 348 (9th Cir.1989), in support of its argument that its request for an examination under oath was reasonable as a matter of law. West, however, was decided under California law and is distinguishable on its facts.
 
 
 11
 In West, a policyholder submitted an unsubstantiated claim for $10,000 for property allegedly taken in a burglary. The policyholder gave a preliminary interview, but never answered any other questions or provided substantiation for his claim. His wife and children also refused to answer any questions about the alleged burglary or stolen property. The court determined that reasonableness can be decided as a matter of law "when only one conclusion about the conduct's reasonableness is possible." 868 F.2d at 351. The court held that the insurer's demand for an examination under oath was, under these circumstances, reasonable as a matter of law. Id. at 351-52.
 
 
 12
 In this case, by contrast, Farmers interviewed both Mrs. Prince and her husband twice before ever requesting an examination under oath. At the second examinations of the Princes, Farmers suspected arson and asked both of them questions about their financial condition, about the value of their house and some of their goods, whether they had moved property out of the house before the fire, see generally Pl.'s Objection to Def.'s Mot. for Summ. J., Appellant's App. at 117-48, 171-96, and whether they had set or procured the fire. Id. at 139-40, 187, 189. In addition to the interviews, the Princes signed releases giving Farmers access to all of their financial information, id. at 100, 150, and submitted a sworn proof of loss with nineteen pages of substantiation.[1] Mot. for Summ. J. of Def., Appellant's App. at 38.
 
 
 13
 To underscore its contention that the demand for an examination under oath was reasonable as a matter of law, Farmers offered evidence that property was moved from the Princes' house before the fire. This evidence was in the form of the claims manager's testimony that the company's investigation showed that picture hooks on the wall were unprotected by an object during the fire, and that the Princes moved a truck from beside the house out to the barn the day before the fire. Id. at 43. Farmers, however, has mischaracterized the nature of this evidence. Rather than demonstrating that its request was reasonable as a matter of law, Farmers' allegations merely raise a jury question whether its request for an examination under oath was reasonable under the circumstances.
 
 
 14
 Even if Farmers' request was per se reasonable, however, the district court should not have dismissed Mrs. Prince's case without first giving her a reasonable time to cure the defect. Under Oklahoma law, a policyholder's noncompliance with policy provisions does not work a forfeiture unless the policy clearly provides for forfeiture. See George v. Connecticut Fire Ins. Co., 201 P. 510, 512-13 (Okla.1921). Rather, the policyholder is allowed a reasonable time to cure the defect before his or her claim is dismissed. See Agricultural Ins. Co. v. Iglehart, 386 P.2d 145, 147-48 (Okla.1963).
 
 
 15
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for trial.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Farmers presented three pages of Mrs. Prince's sworn proof of loss to the district court with its motion for summary judgment; they are also included in the record before this court. See Mot. for Summ. J. of Def., Appellant's App. at 38. The second page of the proof of loss indicates that Mrs. Prince provided Farmers with nineteen pages of substantiation for her claim, id. at 39, although Farmers did not include those pages with its motion. Mrs. Prince's claim was for $77,156 out of total coverage of $198,500. Id. at 38