19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark RICHARDSON, Plaintiff-Appellee,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.
Mark RICHARDSON, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 Nos. 92-16755, 92-16770.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided March 8, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and HILL, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 State Farm Fire and Casualty Company (SFFCC) appeals from the district court's grant of summary judgment in favor of Mark Richardson and the denial of its cross motion for summary judgment. Richardson cross appeals from the district court's award of interest on the judgment calculated at the federal rate.
 
 
 4
 On appeal, SFFCC contends inter alia that the district court's rulings on the cross motions for summary judgment are erroneous because the comprehensive personal liability insurance policy (homeowner's policy) issued by SFFCC provided no coverage for Richardson's injuries as a matter of law. We vacate the district court's judgment and remand with instructions to enter judgment for SFFCC because we conclude that, under California law, SFFCC's homeowner's policy provides no coverage for Richardson's injuries. We dismiss Richardson's cross appeal as moot. Because we conclude that, as a matter of law, there is no coverage under the SFFCC personal liability insurance policy, we need not address the parties' remaining contentions.
 
 I.
 
 5
 Richardson's complaint against SFFCC seeks (1) enforcement of a one million dollar stipulated judgment pursuant to section 11580(b)(2) of the California Insurance Code, Cal.Ins.Code Sec. 11580(b)(2) (West 1964)[1] obtained against Linda Meaders (Meaders) in a personal injury action for injuries that Richardson sustained while repairing Meaders' van at her home; and (2) recovery of the one million dollar stipulated judgment as damages for SFFCC's breach of the implied covenant of good faith and fair dealing resulting from its bad faith failure to defend Meaders in the personal injury action, and to settle Richardson's claim within the limits of Meaders' homeowner's policy. Richardson filed the instant action in the California Superior Court. SFFCC removed the action to federal court based on diversity jurisdiction.
 
 
 6
 At oral argument on the cross motions for summary judgment, the parties agreed that there were no genuine issues of fact in dispute, and that the legal issue to be resolved was the application of California's doctrine of independent concurrent causation. In a memorandum opinion, the district court concluded that the pleadings in the underlying personal injury action did not unambiguously exclude coverage under SFFCC's homeowner's policy and that the doctrine of independent concurrent causation applied. Accordingly, the district court ruled that SFFCC had a duty to defend Meaders against potential liability in spite of the exclusions set forth in the policy. The district court granted Richardson's motion for summary judgment, denied SFFCC's motion, and entered judgment in favor of Richardson.
 
 II.
 
 7
 Richardson, a sixteen year old with drug and alcohol problems, sustained third degree burns to his upper torso during a fire that ignited while he was performing repairs to a vehicle owned by Meaders on April 30, 1988. Because Richardson had been having personal problems at home, Meaders permitted Richardson to stay at her home. She was aware of his alcohol and drug problems.
 
 
 8
 Richardson filed a personal injury action against Meaders alleging that Meaders negligently furnished alcohol to him immediately prior to the accident and negligently supervised his repair of the van. Meaders tendered her defense to the carriers for both insurance policies. Meaders' automobile policy with State Farm Mutual Automobile Insurance Company (State Farm Auto) had a $25,000 policy limit; Meaders' homeowner's policy with SFFCC had a $300,000 limit.
 
 
 9
 State Farm Auto provided a defense and ultimately tendered its policy limits to settle Richardson's claim. SFFCC denied coverage, and refused to defend Meaders or to settle Richardson's claim for the limits of its policy. SFFCC relied in pertinent part on the motor vehicle exclusions in the homeowner's policy. The motor vehicle exclusions exclude coverage for injuries (1) "arising out of the ownership, maintenance, use loading or unloading of ... a motor vehicle owned ... by ... any insured;" and (2) "arising out of" the entrustment to or negligent supervision of any person by any insured 'with regard to ownership, maintenance or use of any aircraft, watercraft, or motor vehicle
 
 
 10
 ....' "
 
 
 11
 Richardson and Meaders thereafter entered into an agreement in which Meaders assigned to Richardson any claims she had against SFFCC and agreed to stipulate to the entry of judgment against her for one million dollars in exchange for Richardson's covenant not to execute the judgment against her. This action followed.
 
 III.
 
 12
 The parties agree that the motor vehicle exclusions of the homeowner's policy preclude coverage for bodily injury arising out of the ownership or maintenance of a motor vehicle and for negligent supervision or entrustment with respect to the ownership, maintenance or use of a motor vehicle. SFFCC contends that Richardson's accident arose out of the maintenance of Meaders' van, and the alleged negligent provision of alcohol is not an independent concurrent cause of Richardson's injuries. SFFCC argues that, if the allegedly covered risk of negligently serving alcohol to Richardson was a proximate cause of his injuries, it was inextricably bound with, and dependent upon, the excluded risk of maintaining the vehicle. Thus, the covered risk--negligent serving of alcohol--was not a concurrent proximate cause of Richardson's injuries that was independent of the excluded proximate cause--efforts to maintain the vehicle. We review a grant of summary judgment de novo and apply California law in this diversity action. West v. State Farm Fire and Casualty Co., 868 F.2d 348, 350 (9th Cir.1989).
 
 
 13
 SFFCC asserts that the district court's erroneous ruling was based on an incorrect interpretation of the independent concurrent causation doctrine set forth in State Farm Mutual Automobile Ins. Co. v. Partridge, 10 Cal.3d 94 (1973). In Partridge, the insured negligently filed the trigger of a pistol, "creating an exceptionally dangerous weapon." 10 Cal.3d at 97. While Partridge and a friend were shooting jackrabbits out of the windows of a moving vehicle, they hit a bump. His gun discharged, and struck a passenger seated between Partridge and his friend. The passenger was paralyzed. Id. at 98.
 
 
 14
 The Supreme Court of California held that there was coverage under the homeowner's because "the liability of the insured arises from his non-auto-related conduct, and exits independently of any 'use' of his car...." Id. at 103. The court explained that both causes were independent of each other because "the filing of the trigger did not 'cause' the careless driving, nor vice versa. Both, however, caused the injury." Id. at 103 n. 10. The court concluded that when a non-automobile risk and an automobile risk constitute concurrent proximate causes of the accident, there is coverage under the liability policy. Id. at 106-07.
 
 
 15
 We agree with SFFCC that, under Partridge, neither the negligent supervision of Richardson's repairs nor his efforts to maintain the van were independent of the negligent furnishing of alcohol in causing Richardson's injuries. We are persuaded that Hartford Fire Ins. Co. v. Superior Court, 142 Cal.App.3d 406, 415 (1983) is controlling in this matter. Hartford involved a dispute between the insurance carrier of a yacht policy and the insurance carrier of a homeowner's policy. The carrier of the yacht policy argued that the aircraft exclusion provision in the liability policy was not applicable under Partridge because the pilot's negligent consumption of alcohol prior to his negligent operation of the aircraft was an independent concurrent cause of the aircraft crash. Id. at 415. The court held that the consumption of alcohol did not cause any injury which was independent of the operation and use of the aircraft. Id. The court reasoned that consumption of alcohol alone was not negligent; only the act of piloting a plane while intoxicated could have given rise to the accident. Id. Thus, any damage caused while operating the aircraft under the influence of alcohol was wholly dependent on the operation of the airplane and Partridge did not apply. Id.
 
 
 16
 In this matter, the negligent furnishing of alcohol before Richardson began repairing the van did not cause any injury that was independent of the maintenance of the van or negligent supervision of the van. Richardson's injuries could not have happened unless he had been engaged in maintaining the van or was negligently supervised in doing so. See State Farm Fire & Casualty Co. v. Camara, 63 Cal.App.3d 48, 54-55 (1976) (insured's negligent design and construction of a dune buggy--a covered risk--was not independent of the negligent operation or use of the vehicle--the excluded risk--because the only way plaintiff could have been exposed to the design defect was through operation or use of the motor vehicle).
 
 
 17
 We hold that the district court erred in ruling that Meaders' homeowner's policy did not unambiguously exclude coverage for Richardson's injuries. There is no potential coverage for Richardson's injuries under the motor vehicle exclusions of the policy. Accordingly, under California law, SFFCC had no duty to defend Meaders. Hartford Fire Ins. Co. v. Superior Court, 142 Cal.App.3d at 417. The judgment of the district court is VACATED and this matter is REMANDED with instructions to enter judgment in favor of SFFCC. The cross appeal is DISMISSED as moot.
 
 
 
 *
 Honorable Irving Hill, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 11580(b)(2) requires that insurance policies contain a provision that "whenever judgment is secured against the insured ... in an action based on bodily injury ... then an action may be brought against the insurer on the policy and subject to its terms and limitation, by such judgment creditor to recover to its terms and limitation, by such judgment creditor to recover on the judgment." Cal.Ins.Code 11580(b)(2) (West 1964). The stipulated judgment was partially satisfied by State Farm Auto Insurance's tender of its $25,000 policy limit