**ZZ TOP, et al., Plaintiffs,**

v.

**CHRYSLER CORPORATION, Defendant.**

**No. C98–0940L.**

United States District Court, W.D. Washington, at Seattle.

June 22, 1999.

Joseph D. Schleimer, Beverly Hills, CA, Charles K Wiggins, Kenneth W Masters, Wiggins Law Offices, Bainbridge Island, WA, for plaintiffs.

Harry H Schneider, Jr., Susan Donnelly Fahringer, Perkins Coie, Seattle, WA, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

LASNIK, District Judge.

This matter comes before the Court on plaintiffs' Motion for Partial Summary Judgment of Liability for Copyright Infringement. Summary judgment is warranted only if, viewing the evidence in the light most favorable to plaintiffs, there is no genuine issue of material fact. If, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion, summary judgment should be granted.[1]

To prevail on their claim of copyright infringement, plaintiffs must establish (1) ownership of the copyright to the infringed work and (2) copying by defendant. Plaintiffs assert, without contradiction, that defendant Chrysler Corporation copied and used parts of plaintiffs' song, *La Grange,*

---

1. *See, e.g., West v. State Farm Fire and Cas. Co.,* 868 F.2d 348, 350 (9th Cir.1989); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

as the soundtrack to its promotional video for the new Plymouth Prowler and as background music when the Prowler was introduced at a press event in January 1996. Defendant has conceded that it copied *La Grange*, but challenges the originality and copyrightability of *La Grange*.

■ Defendant asserts that the guitar riff in *La Grange* is substantially similar to that used in earlier musical compositions, such as John Lee Hooker's *Boogie Chillen* and Norman Greenbaum's *Spirit in the Sky*. Because originality "is the indispensable prerequisite for copyrightability,"[2] defendant argues that the lack of originality in *La Grange*'s riff invalidates the song's copyright. Defendant overstates the originality requirement, however:

> [T]he prerequisites for copyright registration are minimal. The work offered for registration need not be new, but only original, *i.e.*, the product of the registrant... "Original in reference to a copyright work means that the particular work owes its origin to the author. No large measure of novelty is required.... All that is needed to satisfy both the Constitution and the statute is that the author contributed something more than a merely trivial variation, something recognizably his own. Originality in this context means little more than a prohibition of actual copying."

*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1163 n. 5 (9th Cir.1977) (quoting *Alfred Bell & Co. v. Catalda Fine Arts*, 191 F.2d 99, 102–03 (2d Cir.1951)) (citations and quotations omitted).

■ Defendant bears the burden of showing that the infringed work was not original[3] and has offered the declaration and expert report of a musicologist, Robert Walser,[4] in support of its position. Walser concludes that "La Grange is not original and is, in fact, strikingly similar to earlier compositions by other artists." Walser Decl. at 2. His originality analysis is based almost exclusively on the similarities between one part of *La Grange*, namely its guitar riff, and prior art. Walser Report at 2. Walser has made no attempt to characterize or otherwise identify and compare the non-riff elements of *La Grange* with prior works. In fact, Walser admits that the improvised guitar solo and vocals contained in *La Grange* are original, substantial, and important to the overall impression of the song. Walser Tr. at 177–80. Such original contributions are, as a matter of law, copyrightable.[5]

■ Defendant argues that, even if some parts of *La Grange* are original and, therefore, copyrightable, the song's guitar riff is not. Since a substantial portion of plaintiffs' damage claim apparently turns on the copyrightability of the riff, defendant and its expert emphasize the prior uses of the riff in similar music and argue that a jury question exists regarding the originality of that riff. Walser Tr. at 177–78; Walser Report at 2.

■ As part of his analysis, Walser compares the notes of the *La Grange* riff with the riffs of seven other songs, noting certain similarities in their pitch and rhythm. Walser Decl., Exhibit B. As charted on Exhibit B, the *La Grange* riff is virtually identical to the riff used by Norman Greenbaum in *Spirit in the Sky*, and Walser argues that Greenbaum's song is

---

2. *See, e.g., North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir.1992).

3. *See, e.g., North Coast*, 972 F.2d at 1033–34.

4. Plaintiffs argue that Walser's declaration should be stricken because he is not an expert in the blues-rock genre and because his opinion lacks foundation. Plaintiffs' criticisms go more to the weight to be given Walser's opinions than to their admissibility. As stated at oral argument, the Court will not, at this juncture, strike the declaration.

5. *See Sid & Marty Krofft Television Prod.*, 562 F.2d at 1163 n. 5; *North Coast*, 972 F.2d at 1033 ("The test for substantial similarity is whether the difference between the copyrighted work and the preexisting work is non-trivial.").

the "most pertinent example" of a prior use of the riff. Walser Decl., Exhibit A.[6] Walser has admitted, however, that he changed the written music by reducing intervals, or power chords, to single notes. Walser Tr. at 27–28. While the reduced version of the riff may, as Walser maintains, be an appropriate representation of "how the music actually sounds" or is "perceived," it is not an accurate representation of the written notes that are subject to copyright protection. Walser Tr. at 146. Defendant has not, therefore, objectively analyzed the various riffs to show that the "idea" and objective characteristics of *La Grange*'s guitar riff are not original.[7] Rather, defendant has used seemingly objective criteria—musical notes—to represent what is fundamentally Walser's subjective perception of ZZ Top's expression of the riff.

 In addition, the Court finds that, as a matter of law, the manner in which ZZ Top and Norman Greenbaum expressed the common idea of a riff in *La Grange* and *Spirit in the Sky* is not substantially similar. The Court recognizes that the intrinsic test's subjective inquiry is generally left to the jury,[8] but where, as here, no reasonable person could confuse the two riffs, even if they were exposed to only six or eight seconds of each, judgment as a matter of law is appropriate. Thus, defendant has failed to raise a genuine issue of material fact regarding the objective or subjective similarities between the copyrighted song and prior works. Defendant's challenge to the validity of plaintiffs' copyright must fail.

*La Grange*, including its guitar riff, is the product of ZZ Top, which "contributed something more than a merely trivial variation, something recognizably [its] own," to the common idea of a guitar riff.[9] Defendant has not raised a genuine issue of material fact about the song's originality or copyrightability, in whole or in part. Thus, plaintiffs' motion for partial summary judgment is GRANTED and defendant is liable for infringing plaintiff's valid copyright. Damages for such infringement shall be determined at trial.

---

6. Although neither party presented a recording of *Spirit in the Sky*, the Court is familiar with, and takes judicial notice of, the song.

7. *Sid & Marty Krofft Television Prod.,* 562 F.2d at 1164.

8. *See Smith v. Jackson,* 84 F.3d 1213, 1218 (9th Cir.1996) ("For summary judgment, only the extrinsic [objective] test is relevant.... If [defendant] satisfies the extrinsic test, the intrinsic test's subjective inquiry must be left to the jury and summary judgment must be denied.").

9. *Sid & Marty Krofft Television Prod.,* 562 F.2d at 1163 n. 5.