Mike HOUSE, an Individual, Plaintiff,

and

Worldwide Promotional Productions Inc., a California Corporation, Plaintiff–Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.

No. 99–56476.

D.C. No. CV–95–01050–AHS–EEx.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2001.

Decided Aug. 30, 2001.

Before WALLACE, HALL, and TROTT, Circuit Judges.

MEMORANDUM *

Worldwide Promotional Productions, Inc. ("Worldwide") appeals the district court's order entering judgment as a matter of law in favor of defendant State Farm Fire and Casualty Company ("State

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Farm") in Worldwide's action for breach of the covenant of good faith and fair dealing. We agree with the district court that Worldwide presented no evidence that State Farm acted unreasonably in handling Worldwide's claim, and we therefore affirm.

## DISCUSSION

Because the parties are familiar with the facts, we repeat them only as necessary to explain our decision. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review de novo a district court's decision to grant judgment as a matter of law. *See, e.g., LaLonde v. County of Riverside,* 204 F.3d 947, 959 (9th Cir.2000). Judgment as a matter of law is proper if the evidence at trial permits only one reasonable conclusion when viewed in the light most favorable to the non-moving party. *See id.*

■ "[B]efore an insurer can be found to have acted tortiously (i.e. in bad faith), for its delay or denial in the payment of policy benefits, it must be shown that the insurer acted *unreasonably* or *without proper cause.*" *See Chateau Chamberay Homeowners' Ass'n. v. Associated Int'l Ins. Co.,* 90 Cal.App.4th 335, 108 Cal.Rptr.2d 776, 784 (2001). Reasonableness is a question of law that may be decided by the court if only one inference can be drawn from the undisputed facts. *See id.* at 785. An insurer will be insulated from bad faith liability where there existed a genuine dispute as to coverage. *See id.* Additionally, even "[s]loppy or negligent claims handling does not rise to the level of bad faith." *Id.* at 786.

■ With these principles in mind, it is clear that Worldwide presented no evidence from which a reasonable juror could have determined that State Farm acted in bad faith in investigating its claim. Worldwide's argument to the contrary consists of conclusory allegations unsupported by citations to the record. A review of the trial record indicates that, as a matter of law, State Farm acted reasonably. It was reasonable for State Farm to expect Worldwide to provide some documentation of its loss of income claims. Despite repeated requests, State Farm received no such documentation until five months after the fire.

It was also reasonable for State Farm to question the validity of Worldwide's claim when the banks with which Worldwide claimed to have had promotions scheduled indicated that this was not the case. Likewise, the fact that Worldwide had claimed that several functioning computers were a total loss gave State Farm ample reason to question Worldwide's claims. Finally, State Farm gave Worldwide several advances throughout the months after the fire, including a substantial one after Kinsel Accountancy tentatively determined that Worldwide's monthly losses were approximately $30,000. These facts demonstrate that State Farm acted reasonably throughout its negotiations with Worldwide, and that when Worldwide finally submitted its loss of income claim, State Farm had good reason to question the validity of its claims. On this record, no reasonable juror could have found that State Farm acted in bad faith. *Id.* at 785.

We reject Worldwide's contention that the insurer's duty to investigate a claim means that State Farm should immediately have gone into Worldwide's offices to locate and reconstruct necessary documents and adjust the claim, rather than wait for Worldwide to submit documentation on its own. Worldwide never indicated that it was having trouble putting together its loss of income claim, and never requested State Farm's assistance. Within weeks after the fire, Worldwide had hired its own attorney and accounting firm. Worldwide's own expert admitted

that it would have been unreasonable for State Farm to suggest that Worldwide need not hire its own experts and that State Farm could handle everything itself.

■ Under California law, an insured has a duty to provide the insurer with information to support his claim. In *West v. State Farm Fire and Casualty Co.*, 868 F.2d 348 (9th Cir.1989), we upheld an order granting summary judgment to an insurer where the insured refused to provide documentation for his claim or submit to an examination under oath. We held that under these circumstances, the insurer's refusal to pay the claim was reasonable. Similarly, the California Court of Appeals has stated that "[t]here can be no 'unreasonable delay' [in paying an insurance claim] until the insurer receives adequate information to process the claim and reach an agreement with the insureds." *See Globe Indemnity Co. v. Superior Court*, 6 Cal.App.4th 725, 8 Cal.Rptr.2d 251, 255 (1992).

Because we hold that State Farm's conduct was reasonable as a matter of law, we need not address Worldwide's remaining arguments regarding whether California would recognize an independent cause of action for breach of the covenant of good faith and fair dealing, whether the district court abused its discretion in striking the testimony of Thomas Neches, and whether Worldwide was entitled to have the issue of punitive damages put to the jury.

AFFIRMED.