Filed 7/17/13  Sanzaro v. United Service Auto. Assn. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO


MICHAEL SANZARO et al.,

    Plaintiffs and Appellants,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

    Defendant and Respondent.

    E054546

    (Super.Ct.No. HEC020316)

    OPINION


APPEAL from the Superior Court of Riverside County.  John Vineyard, Joan F. Burgess and Patricia Rich,* Judges.  Affirmed.

Michael Sanzaro and Deborah Sanzaro, in pro. per., for Plaintiffs and Appellants.

Daniels, Fine, Israel, Schonbuch & Lebovits, Maureen M. Michail and Bernadette C. Brouses for Defendant and Respondent.

    * Joan F. Burgess and Patricia Rich are temporary judges pursuant to California Constitution, article VI, section 21.

1

# I

# INTRODUCTION

Plaintiffs Deborah Sanzaro and Michael Sanzaro were insured under a renter's or homeowner's insurance policy issued by defendant United Services Automobile Association. This appeal involves plaintiffs' claims for insurance coverage for several thefts from their home in December 2004, April 2005, and February 2006.

Plaintiffs appeal from a judgment entered on September 14, 2011, after an order granting a summary judgment motion (MSJ) in favor of defendant. Plaintiffs are representing themselves in propria persona. We have given full consideration to their contentions and we affirm the judgment.

# II

# FACTUAL AND PROCEDURAL BACKGROUND

*A. The August 2006 MSJ on the Original Complaint*

The original verified complaint was filed individually by one plaintiff, Michael Sanzaro, in November 2005. The original complaint involved a claim for losses occurring from a burglary in April 2005. Defendant filed a general denial in January 2006.

Various proceedings occurred, which involved a proposed first and second amended complaint. Finally, on June 6, 2006, according to the parties' stipulation, the court ordered that the original complaint was the operative complaint and that it be amended to include a request for damages in excess of $25,000.

On May 12, 2006, defendant filed a motion for summary judgment. Defendant's

motion and plaintiff's pending motion to file a second amended complaint (SAC) were set for hearing on the same date, August 9, 2006. The basis for the motion was plaintiff's failure to submit to an examination under oath (EUO) as required by the insurance policy and California law. Plaintiff opposed the summary judgment motion.

On August 15, 2006, the superior court issued its written ruling granting defendant's motion for summary judgment–which it treated as a motion for judgment on the pleadings–but also granting plaintiff's motion to amend the complaint for other losses than those incurred in April 2005.[1] The court found: "It is undisputed that plaintiff refused to submit to an examination under oath and answer the questions asked. Plaintiff's compliance with the policy requirement of submitting to an examination under oath is a prerequisite to the right to receive benefits under the policy as stated in *Brizuela v. Cal. Farms Ins. Co.* (2004) 116 Cal.App.4th 578."

B. *Demurrers to the SAC and the TAC*

In September 2006, both plaintiffs, Michael Sanzaro and Deborah Sanzaro, filed their verified SAC seeking recovery for losses occurring in December 2004 and February 2006.

Defendant filed a demurrer and motion to strike to the SAC. The court sustained the demurrer with leave to amend.

Plaintiff Deborah Sanzaro individually filed a separate action in March 2007, claiming recovery for the April 2005 losses. Defendant again prevailed on a summary

_____

[1] Plaintiff filed an appeal of the court's order granting summary judgment but plaintiff dismissed that appeal (E041664) in April 2007.

3

judgment motion based on plaintiff's failure to submit to an EUO.[2]

Both plaintiffs filed their verified third amended complaint (TAC) in March 2007. Defendant again filed a demurrer and motion to strike.  On June 18, 2007, the court sustained the demurrer without leave to amend on the first through eighth causes of action and overruled the demurrer on the ninth cause of action for declaratory relief as to benefits claimed for loss of property in February 2006.  The motion to strike was deemed moot.

## C.  The August 2011 MSJ on the Ninth Cause of Action

Defendant filed its verified answer to the TAC on July 17, 2007.[3]  In May 2011, defendant filed a third summary judgment motion.  Plaintiffs did not oppose the motion.[4] The court granted the motion on August 30, 2011, and entered final judgment on September 14, 2011.

In its order, the court ruled that:  ". . . the subject USAA insurance policy is void as to all insureds, and that USAA has an absolute and complete affirmative defense to plaintiffs' sole remaining cause of action for declaratory relief in their Third Amended Complaint.  Specifically, there is no triable issue of material fact on plaintiffs' declaratory relief cause of action, and USAA is entitled to judgment thereon as a matter of law, because Mr. Sanzaro intentionally concealed or misrepresented material facts or

---

[2] We grant defendant's request for judicial notice filed June 25, 2012.

[3] After further proceedings–including a second motion for summary judgment, which was denied–and a dismissal, the case was reinstated in October 2010.

[4] The motion is not included in the record on appeal.

circumstances; engaged in fraudulent conduct; and made false statements relating to this insurance, after reporting the February 2006 alleged theft to USAA, which voids the policy by its terms and California law."

In September 2011, plaintiffs filed a notice of appeal from the order entered on August 30, 2011, and the judgment entered after the order granting summary judgment.

III

DISCUSSION

In summarizing their appeal, plaintiffs ask this court (1) to reverse the superior court's order on August 15, 2006, granting summary judgment, and (2) to reverse the superior court's order sustaining defendant's demurrer without leave to amend to the first, second, third, fourth, seventh, and eighth causes of action of the TAC. As set forth in their notice of appeal, plaintiffs also appeal from the final judgment entered in September 2011 after the superior court granted summary judgment on the remaining ninth cause of action. Defendant tries to argue that the appeal is limited to challenging the August 2006 order and the order sustaining the demurrer. In our view, however, a fair reading of plaintiffs' notice of appeal and plaintiffs' appellate briefs indicates that plaintiffs' appeal from the final judgment incorporates all three matters, including the final judgment in September 2011.

A. *The August 2006 Summary Judgment*

We conduct an independent review of an order granting summary judgment. As stated by this court: "On appeal from the trial court's grant of defendants' motion for summary judgment, '. . . we review the trial court's decision de novo, applying the rule

5

that "[a] defendant is entitled to summary judgment if the record establishes as a matter of law that none of the plaintiff's asserted causes of action can prevail. [Citation.] To succeed, the defendant must . . . demonstrate that under no hypothesis is there a material issue of fact that requires the process of a trial." [Citation.]' (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 279.)" (*Miscione v. Barton Development Co.* (1997) 52 Cal.App.4th 1320, 1324-1325; *Brizuela v. CalFarm Ins. Co., supra,* 116 Cal.App.4th at p. 586.)

The following material facts were undisputed in the August 2006 MSJ. Defendant issued a homeowner's insurance policy to plaintiffs that was in effect from February 10, 2005, to February 10, 2006. In May 2005, Michael Sanzaro gave a recorded statement, making a claim for personal property taken in the home robbery in April 2005, including a 60-inch television, large appliances, and furniture.

The policy required the insured to participate in an EOU if the insurer so elects. In November 2005, when defendant's representative attempted to conduct an EOU with Michael Sanzaro, he terminated the examination after about 45 minutes and declined to complete it.[5] In opposition, plaintiffs asserted that Michael Sanzaro had terminated the EOU because the examiner was asking irrelevant questions and repeating questions that had already been asked in the recorded statement from May 2005. However, the recorded statement from May 2005 was not a sworn statement and was not an EOU, as plaintiffs persistently and incorrectly assert. As the examiner explained to Michael

---

[5] In oral argument, plaintiff conceded that he "blew up and got mad."

6

Sanzaro, the EUO was a separate examination from the recorded statement. Therefore, it is not subject to dispute that plaintiffs refused to complete an EOU in November 2005.

Under Insurance Code section 2071, an insurance provision requiring an EOU is valid. The failure to comply means an insured cannot bring a legal action:

"In *West v. State Farm Fire and Cas. Co.* (9th Cir. 1989) 868 F.2d 348, the insured refused to answer questions before a court reporter because he had previously given an informal statement. Applying California law, the *West* court held the insurer's request that its insured submit to examination under oath was entirely reasonable and affirmed the granting of summary judgment to the insurer holding the insurer could not properly process the claim until the insured complied with the terms of the policy. (*Id.* at p. 351.)" (*Globe Indemnity Co. v. Superior Court* (1992) 6 Cal.App.4th 725, 731; *California Fair Plan Assn. v. Superior Court* (2004) 115 Cal.App.4th 158, 161-162, 167.)

More recently, in *Brizuela v. CalFarm Ins. Co., supra,* 116 Cal.App.4th at pages 582-585, the insurer, as part of an arson investigation first obtained the insured's recorded statement. Then the insured delayed and refused to complete an EOU. After the insured sued the insurer, the trial court granted the insurer's summary judgment motion because the insured had not completed the requested EOU. (*Id.* at pp. 585-586.) The appellate court affirmed.

The foregoing cases are exactly like the present case in which plaintiffs argue that they did not have to complete an EOU because Michael Sanzaro had already given a statement and defendant was using the EOU to find a reason to deny coverage. Plaintiffs' refusal to complete an EOU effected a forfeiture of their rights under the insurance

7

policy.  (*Brizuela v. CalFarm Ins. Co., supra,* 116 Cal.App.4th at p. 590, *Robinson v. National Auto. & Casualty Ins. Co.* (1955) 132 Cal.App.2d 709, 712-714.)  Plaintiffs could not maintain their claim for breach of the insurance contract or the related dependent claim for breach of the implied covenant of good faith and fair dealing.  (*Brizuela,* at pp. 594-595.)  The superior court properly granted summary judgment on the original complaint involving the April 2005 loss.  (*Id.* at pp. 587, 590.)[6]

## B.  Demurrer to the TAC

In their TAC, plaintiffs focused their claims on their losses in December 2004 and February 2006.  Plaintiffs alleged that defendant misrepresented to them that "'replacement cost coverage,' means that [defendant] would replace or pay [plaintiffs] the cost to replace the property of like kind and quality <u>without deduction for depreciation</u>.  [Defendant] did not [disclose] to plaintiffs that plaintiffs would only get actual cash value, that plaintiffs would have to use their own money to replace the property and then resubmit a claim for reimbursement of plaintiffs' expenditures."

Defendant evaluated the gross value of plaintiffs' December 2004 claim at $26,124.07, deducted depreciation of $7,327.31, and paid plaintiffs a net amount of $18,796.76.  In connection with that loss, plaintiffs alleged four causes of action for breach of contract, fraud, and breach of the duty of good faith and fair dealing.

Plaintiffs then suffered another loss from a burglary in February 2006 and submitted to an EOU on that claim.  In connection with that loss, plaintiffs alleged five

---

[6] The same outcome occurred in Deborah Sanzaro's separate case.

causes of action for denial of coverage including breach of the duty of good faith and fair dealing, breach of contract, intentional and negligent infliction of emotional distress, and declaratory relief.

We conclude the lower court properly sustained the demurer without leave to amend on the first through eight causes of action. As to the first cause of action, defendant was entitled, under the terms of the insurance policy, to withhold depreciation and not pay replacement cost coverage until the subject property was replaced. (*Fraley v. Allstate Ins. Co.* (2000) 81 Cal.App.4th 1282, 1287, 1289-1291; Ins. Code § 2015.5, subd. (a).) Plaintiffs never alleged they replaced the subject property. Instead, they object to the procedures legally authorized by the insurance policy. The first cause of action, however, fails to state a cause of action as a matter of law. Similarly, the failure of the first cause of action means there was no foundation for the related claims made in the second, third, and fourth causes of action, all of which depend on plaintiffs' unsustainable contention that replacement cost coverage was an illegal provision.

We recognize that plaintiffs expressly do not appeal the court's order on the fifth and sixth causes of action but we discuss these causes of action because they have a bearing on the seventh, eighth, and ninth causes of action. The fifth and sixth causes of action alleged breach of contract and bad faith because defendant did not pay plaintiffs' claims within 30 days of receiving proof of the February 2006 loss. The insurance policy does not provide for payment on that basis and plaintiffs did not allege that defendant wrongly withheld benefits or refused to pay benefits unreasonably or without cause. Therefore, plaintiffs did not sufficiently allege breach of contract or bad faith. (*Love v.*

9

*Fire Ins. Exchange* (1990) 221 Cal.App.3d 1136, 1151-1152; *Opsal v. United Services Auto. Assn.* (1991) 2 Cal.App.4th 1197, 1205.)  Plaintiffs' related eighth cause of action for negligent infliction of emotional distress also fails because it depends on the contract claims to survive.  (*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 588.)

Finally, plaintiffs failed to allege a sufficient claim for intentional infliction of emotional distress because they did not allege conduct "'so extreme as to exceed all bounds of that usually tolerated in a civilized community" (*Ricard v. Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886, 895) and specifically calculated to cause mental distress of a very serious kind.  (*Christiansen v. Superior Court* (1991) 54 Cal.3d 868, 903.) Instead, plaintiffs protest how defendant handled their claim.  Plaintiffs do not specifically allege the required outrageous conduct.  (*Soto v. Royal Globe Ins. Co.* (1986) 184 Cal.App.3d 420, 430, citing *Schlauch v. Hartford Accident & Indem. Co.* (1983) 146 Cal.App.3d 3d 926, 936.)  Additionally, the court's ruling on the August 2011 MSJ, discussed below, would preclude any recovery by plaintiffs for the February 2006 claim.

In view of the deficiencies in the first through eight causes of action of the TAC, the trial court did not abuse its discretion by sustaining defendant's demurrer without leave to amend.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

C.  *The August 2011 MSJ on the Ninth Cause of Action*

The August 2011 MSJ concerning the ninth cause of action for declaratory relief was not opposed by plaintiffs and the only part of the motion that appears in the appellate record is the court's written ruling granting the motion.  The ninth cause of action sought

a declaration that plaintiffs were entitled to coverage under the insurance policy for their February 2006 loss.  As already noted, the court found that the insurance policy was void because Michael Sanzaro had intentionally concealed and misrepresented material facts and committed insurance fraud.  Because they did not oppose the motion in the trial court, plaintiffs cannot challenge these findings on appeal.

IV

DISPOSITION

The trial court properly granted the 2006 and 2011 motions for summary judgment involving plaintiffs' claims for the April 2005 and February 2006 losses.  The court also properly sustained defendant's demurrer without leave to amend on the TAC involving the December 2004 and February 2006 losses.

We affirm the judgment.  In the interests of justice, we order the parties to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

KING

J.

11