NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FLAGSTONE DEVELOPMENT, LLC, an
Arizona limited liability company;
LAWRENCE A. HEATH,

        Plaintiffs-Appellants,

  v.

WAYNE JOYNER; JUSTIN JOYNER, as
individuals; ROCKY MOUNTAIN
TIMBERLANDS, LLC, a Montana
corporation,

        Defendants-Appellees.

No.   18-35240

D.C. No. 1:08-cv-00100-SEH

MEMORANDUM[*]

FLAGSTONE DEVELOPMENT, LLC, an
Arizona limited liability company;
LAWRENCE A. HEATH,

        Plaintiffs-Appellees,

  v.

WAYNE JOYNER; JUSTIN JOYNER, as
individuals,

        Defendants,

 and

No.   18-35246

D.C. No. 1:08-cv-00100-SEH

---

     [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

```
ROCKY MOUNTAIN TIMBERLANDS,
LLC, a Montana corporation,

          Defendant-Appellant.
```

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 7, 2019
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and PRESNELL,[**] District Judge.

Flagstone Development, LLC and Lawrence A. Heath (collectively, "Flagstone") appeal from the district court's dismissal of Flagstone's tort claims, exclusion of Flagstone's expert witnesses, and grant of summary judgment in favor of Rocky Mountain Timberlands, LLC ("RMT"). RMT conditionally cross-appeals from the district court's denial of its motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

1. Flagstone waived its right to appeal the dismissal of its tort claims by failing to do so when the case was first appealed to this court, 545 F. App'x 602 (9th Cir. 2013) ("*Flagstone I*"). *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.

---

[**] The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").  The tort claims were at issue in *Flagstone I* because the district court had entered final judgment for RMT and the Joyners.  Moreover, we expressly remanded only "on the issue of breach of contract."

2.    The district court did not abuse its discretion by excluding the testimony of Sheryl Sacry and James Foley.  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141– 42 (1997).  The district court properly excluded Sacry's testimony under Federal Rule of Evidence 702 because, like Dale Grabois' excluded testimony in *Flagstone I*, it was based on data with undisclosed methods and unknown reliability, and Sacry offered no independent basis for her calculations.  The district court also properly excluded Foley's testimony pursuant to Rule 702.  His report was based on materials—provided in large part by Heath—with undisclosed methods and principles.  Further, his report addressed only project feasibility and thus was not relevant to the calculation of lost profits.

3.    The district court did not err by granting summary judgment in favor of RMT.  *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012).  Of the eighteen documents that Flagstone offered as evidence of lost profits, only two—Flagstone's Investment Prospectus and RMT's cash flow analysis—are relevant to the calculation of lost profits.  Even if the two documents

3

were reliable,[1] they are not self-explanatory; no reasonable jury could rely on the documents, which use technical and specialized terminology, to make a reasonable calculation of lost profits without an expert to guide it. *See West v. State Farm Fire & Cas. Co.*, 868 F.2d 348, 351 (9th Cir. 1989) (citing *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)) ("[S]ummary judgment is proper if no reasonable jury could differ.").

4. In light of our disposition of Flagstone's appeal, RMT's cross-appeal is moot. We therefore dismiss it.

The orders and judgment of the district court are **AFFIRMED**. RMT's cross-appeal is **DISMISSED** as moot.

---

[1] They are largely speculative. In *Flagstone I*, for example, we affirmed the district court's exclusion of Grabois, whose testimony relied on Flagstone's Investment Prospectus, on the ground that the Prospectus had been "created before several costly development issues were uncovered."