[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10448
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-03744-CC

THOMAS HUTCHINSON,

Plaintiff-Appellant,

versus

ALLSTATE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 10, 2018)

Before TJOFLAT, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Thomas Hutchinson sued Allstate Insurance Company in state

court to recover damages caused by a fire to his property. Hutchinson claimed that

Allstate breached the terms of his insurance contract and acted in bad faith by denying his claim. Allstate removed the action to federal court and moved for summary judgement. Allstate argued in part that it properly denied Hutchinson's claim because Hutchinson refused to submit to an examination under oath ("EUO") as required by his insurance contract. The district court granted summary judgment in favor of Allstate. Hutchinson appeals. After careful review, we affirm the district court's grant of summary judgment in favor of Allstate.

## I.    STANDARD

"We review a district court's order granting summary judgment de novo." Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1455 (11th Cir. 1997) (per curiam). "We view the record, and all reasonable inferences therefrom, in the light most favorable to the nonmoving party." Id. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II.   BACKGROUND

Hutchinson previously owned a dwelling at 1261 East Main Street in Hogansville, Georgia. On September 2, 2014, a fire destroyed the dwelling, which was insured with Allstate. Hutchinson submitted a claim to Allstate pursuant to his insurance contract. The contract gave Allstate the right to request that Hutchinson submit to an examination under oath in the event of any loss to his property.

2

During its investigation of Hutchinson's claim, Allstate developed doubts regarding whether Hutchinson had resided at 1261 East Main Street prior to the fire.[1] Allstate requested that Hutchinson submit to an examination under oath pursuant to the terms of the insurance contract.

Hutchinson appeared for the EUO on March 13, 2015. Before answering any questions, he expressed concern about a letter that he had received from Allstate in which Allstate indicated that he had not responded to communications from Allstate regarding scheduling the EUO. Hutchinson told Allstate's attorney, Marvin Dikeman, that the statements in the letter were not true and asked Allstate to recant the statements. Dikeman told Hutchinson that Allstate would not recant the statements in the letter. Hutchinson responded, "We can't move forward until this letter is corrected. I don't have a problem answering any questions you ask."

Dikeman warned Hutchinson, "[I]f you do not respond to the questions that are put to you here today, Allstate will treat that failure to respond as a material breach of the contract. . . . And . . . refusal to respond could result—probably will result in the denial of this claim for that reason standing alone." Hutchinson stated

---

[1] Allstate claims that the property appeared to be completely abandoned prior to the fire. Hutchinson testified that he "d[id] live at 1261 East Main Street" along with maintaining a second residence at a different address. For purposes of this appeal, we resolve this factual dispute in favor of Hutchinson, assuming that he resided at 1261 East Main Street prior to the fire.

that he would answer Allstate's questions but insisted that Allstate recant the disputed statements in the letter first. Dikeman then asked Hutchinson Allstate's questions regarding his residence; Hutchinson sat in silence, giving no responses. Allstate denied Hutchinson's claim on March 24, 2015.

On June 30, 2016, over a year after Allstate denied Hutchinson's claim, Hutchinson's newly retained counsel sent a demand letter to Allstate, threatening to sue Allstate if it did not pay Hutchinson's claim within sixty days. The letter also indicated that Hutchinson was willing to sit for another EUO. Dikeman responded to the demand letter on behalf of Allstate. He stated that Allstate would appear for a second EUO with Hutchinson "expressly subject to a full and complete reservation of all rights and defenses by Allstate." That EUO never occurred, and Hutchinson sued Allstate when it did not comply with his demand.

### III. DISCUSSION

It is undisputed that Hutchinson's insurance contract with Allstate required him to submit to an EUO at Allstate's request in relation to any claimed loss. This kind of "contractual provision is commonly used in insurance policies and has been upheld by many courts." Pervis v. State Farm Fire & Cas. Co., 901 F.2d 944, 947 (11th Cir. 1990). It is also undisputed that Hutchinson, although he appeared for an EUO, refused to answer Allstate's questions regarding his claim. Allstate's attorney, Dikeman, warned Hutchinson that failing to answer Allstate's questions

4

would likely result in the denial of his claim. Nevertheless, Hutchinson sat in silence in response to Dikeman's questions at the examination. We conclude that this constitutes a breach of his insurance contract under Georgia law. See Halcome v. Cincinnati Ins. Co., 254 Ga. 742, 744, 334 S.E.2d 155, 157 (1985) (holding that the plaintiffs breached their insurance contract, which contained a provision requiring them to submit to an examination under oath, by refusing to provide information relating to their income, even though they responded to other questions under oath). Because Hutchinson failed to comply with his obligation under the insurance contract, Allstate was within its rights to deny his claim.

Hutchinson does not argue that he was excused from complying with his obligation to submit to an EUO for any reason. Nor does he deny that a refusal to submit to an EUO constitutes a breach of the insurance contract. Rather, Hutchinson contends that his offer to submit to an EUO over a year after Allstate denied his claim creates an issue of fact regarding his compliance with the contract. We disagree. Hutchinson's belated offer did not cure his prior breach or reinstate Allstate's obligation to pay his claim. See Pervis, 901 F.2d at 948 ("State Farm had no obligation to repeat its request for an examination after appellant breached the contract, and appellant's offer to be examined, as expressed on appeal, comes too late to be considered."). Thus, we conclude that the district court properly granted summary judgment in favor of Allstate.

AFFIRMED.